PEOPLE v COVINGTON

1. CRIMINAL LAW—HABITUAL OFFENDERS—BURDEN OF PROOF—ELE-
MENTS—STATUTES.

The people must prove beyond a reasonable doubt in a trial
proceeding when prosecuting a defendant as a habitual offender
both the fact of alleged prior convictions and the identity of the
defendant as the person who committed those prior offenses
(MCLA 769.13; MSA 28.1085).

2. CRIMINAL LAW—EVIDENCE—HABITUAL OFFENDERS—IDENTITY OF
DEFENDANT—STATUTES.

Certified copies of prior judgments and a comparison of finger-
prints compiled in a proper manner, along with testimony of
the arresting officer and a fingerprint expert, constituted a fair
and reasonable method of establishing the identity of a defend-
ant in a prosecution as a habitual offender; the habitual of-
fender statute does not require any particular method of proof
(MCLA 769.13; MSA 28.1085).

3. CRIMINAL LAW—HABITUAL OFFENDERS—PROPENSITY TO FUTURE
CRIMES—RELEVANCE—STATUTES.

A defendant's alleged lack of propensity to commit future crimes
is not relevant to the issue of guilt under the habitual offender
statute.

4. CRIMINAL LAW—HABITUAL OFFENDERS—CONSTITUTIONAL LAW—
CLASSIFICATIONS—RATIONAL BASIS—EQUAL PROTECTION.

The classification inherent in the habitual offender statute be-
tween persons who have repeatedly committed felonies and
those who have not is not violative of equal protection of the
laws because it has a rational basis in that habitual violators of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
§ 23 et seq.

[3, 4] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
§§ 2-5.

[5-7] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
§§ 7-9.

the law have shown that they are a menace to society, unfit for liberty, and should be deprived thereof.

5. CRIMINAL LAW—HABITUAL OFFENDERS—PRIOR CONVICTIONS—COMMISSION OF PRINCIPAL OFFENSES—STATUTES.

Prior convictions of a defendant must precede the commission of the principal offense in order to enhance the punishment under the habitual offender statute; therefore, a trial court erred in considering a defendant's conviction as his fifth conviction where the alleged fourth conviction was subsequent to his arrest on the charge for the principal offense for which he was now tried (MCLA 769.12; MSA 28.1084).

6. CRIMINAL LAW—HABITUAL OFFENDERS—PRIOR CONVICTIONS—SENTENCING.

A defendant convicted as a habitual offender is entitled to be resentenced where the trial court erroneously considered when imposing sentence that he had four prior convictions when in fact there were only three.

7. CRIMINAL LAW—APPEAL AND ERROR—HABITUAL OFFENDERS—PRIOR CONVICTIONS—VALIDITY—PRESERVING QUESTION.

A defendant, convicted as a habitual offender, cannot raise for the first time on appeal the question of the validity of his prior convictions where he did not raise the issue in the trial court during his trial.

Appeal from Shiawassee, Paul R. Mahinske, J. Submitted April 14, 1976, at Lansing. (Docket No. 23614.) Decided July 20, 1976.

James L. Covington was convicted of carrying a concealed weapon and of being a habitual offender. Defendant appeals. Affirmed, but remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gerald D. Lostracco,* Prosecuting Attorney, and *Daniel Jon Loomis,* Chief Assistant Prosecutor, for the people.

*Arnold D. Dunchock,* for defendant on appeal.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH and BEASLEY, JJ.

BEASLEY, J. Defendant, James Luther Covington, was originally charged with the crime of carrying a concealed weapon (MCLA 750.227; MSA 28.424). Before trial, a supplemental information was filed which alleged that the concealed weapons charge would result in the defendant's fifth felony conviction under the habitual criminal sections of the Code of Criminal Procedure. Accordingly, the supplemental information sought an increase in the possible penalty upon conviction pursuant to MCLA 769.12; MSA 28.1084. In separate proceedings, the defendant was tried before the court without a jury on both the concealed weapons charge and the habitual offender information. The trial court found the defendant guilty of both and sentenced him under the habitual offender statute. However, because the sentence originally imposed violated MCLA 769.9; MSA 28.1081, defendant was later resentenced to 25 to 50 years in prison. He now appeals as a matter of right.

Of the issues raised by the defendant, only those challenging the manner in which the habitual criminal statute was proved and implemented in the present case warrant decisional treatment.

Defendant first contends that the method of proof employed by the prosecutor did not establish beyond a reasonable doubt the identity of the defendant as the person convicted of the four previous felonies. We disagree.

In the present case, the prosecutor introduced certified copies, from the courts which entered the prior judgments of conviction, showing that the defendant had the same name as the person or persons previously convicted. Furthermore, a la-

tent print specialist from the Michigan State Police Bureau of Identification testified that he obtained fingerprint cards from the bureau's files which bore the name of the defendant and were dated in correspondence with the dates of the alleged prior convictions. This expert also testified that after making a comparison of the fingerprints on these cards with those on the card submitted to the bureau upon the defendant's arrest on the current concealed weapons charge, it was his opinion that the fingerprints on all the cards were made by the same individual. The State Police trooper who had made the arrest on the current concealed weapons charge then took the stand and identified the fingerprint card relied upon by the expert as the one he had prepared and submitted to the bureau following the arrest. In addition, this witness identified the defendant as being the person whom he had arrested on the current concealed weapons charge.

The procedure to be followed in a habitual offender prosecution is set forth in MCLA 769.13; MSA 28.1085. Under this statute, the people must prove in a trial proceeding both the fact of the alleged prior convictions and the identity of the defendant as the person who had committed those previous offenses. See *People v Brown,* 253 Mich 537; 235 NW 245 (1931). In this proceeding, the prosecutor must prove each of these elements beyond a reasonable doubt. See *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968), Annotation: *Evidence of identity for purposes of statute as to enhanced punishment in case of prior conviction,* 11 ALR2d 870.

However, the statute does not require any particular method of proof. The cases do not disapprove the method used in this case. See *In re*

*Stone,* 295 Mich 207; 294 NW 156 (1940). We do not find error in this method of proof. The certified copies showing the prior judgments of conviction were clearly admissible under MCLA 600.2106; MSA 27A.2106. Furthermore, the fingerprint cards bearing the defendant's name and, in the opinion of the expert, the defendant's fingerprints were compiled in accordance with the statutory requirement of MCLA 28.242, *et seq.;* MSA 4.462, *et seq.* As such, they were also admissible as evidence at trial. See 5 Wigmore, Evidence, § 1639, also § 1635a. These factors convince us that the procedure used in the present case was a fair and reasonable method of establishing the necessary elements of the habitual offender statute. We, therefore, reject the arguments advanced by the defendant on this issue.

Defendant next contends that an advisory ruling by the trial court erroneously precluded him from raising a claimed lack of propensity to commit future crimes as a defense to the habitual criminal statute. Intertwined with this contention is the further assertion that the classifications set forth in the habitual criminal statute lack a rational basis and are, therefore, violative of the equal protection clause.

As indicated above, an alleged lack of propensity to commit future crimes is not relevant to the issue of guilt under the habitual offender statute. The propensity to commit future crimes is not an element of the offense, and thus, evidence of a lack thereof would not be relevant to any of the issues raised in this trial. On this record there was no error in the trial judge's response to the request of counsel for defendant for an advisory opinion regarding this subject.

This is not to say that, in connection with sen-

tencing, after conviction it would be improper to offer psychiatric or other evidence of such lack of propensity. Such considerations might well be appropriate in connection with the length of sentence to be imposed.

We also hold that the classification inherent in the habitual offender statute between persons who have repeatedly committed felonies and those who have not does have a rational basis and, therefore, is not violative of the equal protection clause. This rational basis was stated in *People v Palm,* 245 Mich 396, 401; 223 NW 67 (1929):

"Such laws evidence a desire on the part of the people of the State to protect themselves from the acts of habitual violators of law. Such persons, by the repeated commissions of felonies, have shown that they are a menace to society, unfit for liberty, and should be deprived thereof. The punishment in such cases is increased because of the apparent persistence in the commission of crime by the person convicted and his indifference to the laws deemed necessary for the protection of the people and their property. Experience teaches that the fear of severe punishment is more likely to rid the State of this type of professional criminals than any effort which may be made looking to their reformation."

The next issue raised by the defendant is whether the trial court erred in considering the current conviction as the defendant's fifth conviction under the habitual offender statute when the facts giving rise to that conviction occurred prior to the defendant's fourth conviction.

Defendant was arrested for carrying a concealed weapon on June 6, 1974. On June 19, 1974, he was convicted of possession of heroin, his fourth offense. The trial court ruled that although the conviction for possession of heroin did not occur

until after the arrest on the concealed weapons charge, it could still be considered as a fourth offense under the statute. This conclusion does not appear to find support in the statute.

MCLA 769.12; MSA 28.1084 provides in part:

"A person who *after having been 3 times convicted* within this state, of felonies or attempts to commit felonies, or under the law of any other state, government or country, of crimes which if committed within this state would be felonious, *commits* any felony within this state is punishable upon conviction as follows * * * ". (Emphasis supplied.)

Further authority is found in Annotation: *Chronological or Procedural Sequence of Former Convictions as Affecting Enhancement of Penalty for Subsequent Offense under Habitual Criminal Statutes,* 24 ALR2d 1247, 1249, where the general rule on the precise question presented here is stated as follows:

"The general rule, embodied in specific terms in some statutes and implied from the phraseology of others referring in more general terms to previous convictions or subsequent offenses, is that it is a prerequisite that the prior conviction or convictions precede the commission of the principal offense in order to enhance the punishment under habitual criminal statutes."

Although the present statute has never been interpreted on this point, it is clear that Michigan follows this general rule. See *People v Podsiad,* 295 Mich 541; 295 NW 257 (1940). Thus, we conclude that the trial court erred in considering the current conviction as the defendant's fifth conviction under the statute.

Nevertheless, we do not believe that this error warrants the reversal of defendant's conviction under the statute. The concealed weapons conviction was found to be the defendant's fifth felony conviction. However, the statute, as set forth above, requires only three prior convictions before its provisions are triggered. This condition was met in the present case since the trial court did find that the defendant was convicted of felonies three times prior to the commission of the current offense. As a result, the defendant's fourth conviction was not necessary to the statute's implementation in the present case, and therefore, the trial court's consideration of that conviction must be deemed harmless error in its effect upon the defendant's habitual offender conviction. The fourth conviction, however, was also considered by the trial court in imposing sentence upon the defendant. Under the statute and authority it should not have been considered. Consequently, the defendant is entitled to be resentenced, without consideration given to the fourth conviction.

The defendant finally attacks his conviction under the habitual criminal statute on the basis that several of his prior convictions were invalid. See *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974). However, this claim was never presented or asserted in the trial court. Therefore, defendant is precluded from raising that question now; he cannot raise this issue for the first time on appeal. See *People v Ungurean,* 51 Mich App 262; 214 NW2d 873 (1974), *People v Hendrick,* 52 Mich App 201; 217 NW2d 112 (1974), *People v Willis,* 60 Mich App 154; 230 NW2d 353 (1975).

Remanded for resentencing in accordance with this opinion.