PEOPLE v HASTINGS

Docket No. 78-1711. Submitted June 19, 1979, at Lansing.—Decided November 9, 1979.

Douglas Hastings pled guilty to conspiracy to bring marijuana into Jackson Prison, his fourth felony, and in exchange for the plea of guilty was allowed to plead guilty to being a third felony offender. He withdrew these pleas, proceeded to trial on the conspiracy charge, and during that trial again pled guilty to the conspiracy charge. Subsequently, he was tried on a supplemental information for being a fourth felony offender and was convicted of that charge, Jackson Circuit Court, Russell E. Noble, J. Defendant appeals, alleging several errors. *Held:*

1. The trial court did not err by informing the jury of the conviction of conspiracy to bring marijuana into prison. The elements for jury determination in a trial to determine habitual offender status are the existence of any prior convictions. The bringing of the supplemental information assumed conviction of the offense giving rise to the bringing of that supplemental information.

2. The prosecutor questioned the defendant about his withdrawn plea of guilty of being a third felony offender. Such questions were improper, but reversal is not mandated because the questions were not objected to at trial and there is no showing of manifest injustice.

3. Reversal is not mandated by the prosecutor's statement that the jury had an obligation to convict the defendant, where the trial court twice instructed the jury that the defendant's guilt was a factual determination to be made by them and where the prosecutor's argument was based on the evidence produced at trial.

4. Defendant was not prejudiced by his appearance in court wearing handcuffs and prison clothes.

Affirmed.

References for Points in Headnotes

[1] 39 Am Jur 2d, Habitual Criminals and Subsequent offenders § 6 *et seq.*

[2] 29 Am Jur 2d, Evidence §§ 320, 321, 333.

[3] 75 Am Jur 2d, Trial §§ 166, 193, 194.

[4] 75 Am Jur 2d, Trial §§ 261, 263.

1. Criminal Law — Habitual Offenders — Elements of Offense.

> The elements for jury determination in a trial held to determine a defendant's habitual offender status are the existence of any *prior* convictions; the fact of the bringing of a supplemental information charging habitual offender status assumes conviction of the offense giving rise to the bringing of the supplemental information.

2. Criminal Law — Evidence — Plea of Guilty — Vacated Plea.

> Evidence of a vacated guilty plea is inadmissible at a subsequent trial of the defendant, whether the fact of the vacated plea is introduced as evidence of guilt or as impeaching evidence.

3. Appeal and Error — Criminal Law — Prosecutors — Improper Questioning.

> Reversal of a defendant's conviction based upon improper questioning by the prosecutor is required only upon a finding of manifest injustice where no objection to the questioning was made at trial.

4. Criminal Law — Prosecutors — Instructions to Jury.

> A prosecutor's statement that a jury had an obligation to convict the defendant does not require reversal where the trial court twice instructed the jury that the question of the defendant's guilt was a factual determination to be made by them and where the prosecutor's argument was based on the evidence produced at trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Wright,* Assistant State Appellate Defender, and *Mardi E. Crawford,* Research Attorney, for defendant on appeal.

Before: Cynar, P.J., and MacKenzie and L. W. Corkin,* JJ.

Per Curiam. Defendant Douglas Hastings was convicted by a Jackson County Circuit Court jury

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

of being a fourth felony offender, contrary to MCL 769.12; MSA 28.1084. He was sentenced to 7-1/2 to 15 years imprisonment, and appeals as of right.

On October 28, 1977, defendant pled guilty to conspiracy to bring marijuana into the State Prison of Southern Michigan, contrary to MCL 750.157(a); MSA 28.354(1). In return for his plea of guilty, defendant was permitted to plead guilty to being a third felony offender, contrary to MCL 769.11; MSA 28.1083. On December 16, 1977, defendant withdrew these guilty pleas.

On January 18, 1978, a trial was held and the prosecutor presented several witnesses to establish that defendant committed the offense charged. Following the prosecutor's proofs, defendant changed his plea from not guilty to guilty of conspiracy to smuggle marijuana into Jackson Prison. Defendant was subsequently tried on a supplemental information for being a fourth felony offender.

Defendant first contends that the trial court erred in informing the jury of defendant's fourth felony conviction, conspiracy to smuggle marijuana into the State Prison of Southern Michigan. Prior to jury voir dire, the trial judge told the prospective jurors that, "The Defendant here, Mr. Douglas Charles Hastings, was charged with the crime of conspiracy to bring a drug, namely, marijuana, into the State Prison of Southern Michigan. That charge resulted in a conviction of January 16, 1978." The prosecutor referred to this statement in his opening argument.

Defendant points out that a trial judge may not usurp a defendant's right to a jury determination on an essential element of a crime charged. Plaintiff, however, argues that once a defendant is convicted of an offense, trial on a supplemental

information charging defendant under the habitual offender statute is solely concerned with proving the existence of prior convictions.

We agree with plaintiff that in a trial held to determine a defendant's habitual offender status, the elements for jury determination are the existence of any *prior* convictions. The statute setting forth the procedure relative to an habitual offender prosecution, MCL 769.13; MSA 28.1085, provides in part:

> "If at any time after conviction and either before or after sentence it shall appear that *a person convicted of a felony has previously been convicted of crimes* as set forth in any of the 3 foregoing sections, the prosecuting attorney of the county in which such conviction was had, in his discretion, may file a separate or supplemental information in such cause *accusing the said person of such previous convictions.* Whereupon the court in which such conviction was had shall cause the said person whether confined in prison or otherwise, to be brought before it and shall inform him of the allegations contained in such information, and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not". (Emphasis supplied.)

The statute contemplates trial on the issue of the existence of prior convictions. The fact of the bringing of a supplemental information charging habitual offender status assumes conviction of the offense giving rise to the bringing of the supplemental information.

Further support for this position can be found in *People v Covington,* 70 Mich App 188, 191; 245 NW2d 558 (1976):

> "The procedure to be followed in a habitual offender

prosecution is set forth in MCL 769.13; MSA 28.1085. Under this statute, the people must prove in a trial proceeding both the fact of the alleged *prior convictions* and the identity of the defendant as the person who had committed those previous offenses." (Emphasis supplied.)

We thus conclude that reversible error did not occur here.

Defendant next contends that the prosecutor erred in questioning defendant during cross-examination about his withdrawn plea of guilty to being a third felony offender.

According to this Court in *People v George*, 69 Mich App 403; 245 NW2d 65 (1976), evidence of a vacated guilty plea is inadmissible at a subsequent trial, regardless of whether the vacated plea is introduced as evidence of guilt or as impeaching evidence. The Court noted that withdrawal of a guilty plea is a "poor privilege" if it may be used as evidence in a subsequent trial. See also *People v Trombley*, 67 Mich App 88; 240 NW2d 279 (1976).

Although we regard as improper the prosecutor's questions as to the withdrawn guilty plea, we do not deem reversal mandatory in the instant case. Since the question was not met with an objection, reversal is required only upon a finding of manifest injustice. See *People v Jackson*, 77 Mich App 392; 258 NW2d 89 (1977). Manifest injustice is clearly lacking in the instant case. Defendant admitted on direct examination to pleading guilty to three prior felonies. He specifically stated that he pled guilty to certain offenses in 1967, 1968, and 1972. Further, the question did not have a prejudicial effect upon defendant's primary defense, which was that the prosecutor was proceeding against defendant because he chose to exercise his constitutional rights associ-

ated with a trial. During closing argument, the defense counsel stated: "We don't have any so-called defense. In fact Mr. Hastings readily admitted that he was convicted of those prior crimes." Thus, because the improper questions of the prosecutor were not prejudicial, we find no reversible error here.

Defendant next argues that the prosecutor committed error by stating in his closing argument that the jury had an obligation to convict defendant. We find no reversible error here. The trial judge twice instructed the jury that the question of defendant's guilt was a factual determination to be made by them. Further, the prosecutor's argument was based on the evidence and testimony produced at trial. See *People v Hernandez,* 80 Mich App 465; 264 NW2d 343 (1978).

Finally, we find no merit in defendant's contention that he was prejudiced by his appearance in court wearing handcuffs and prison clothes. See *People v Harris,* 80 Mich App 228; 263 NW2d 40 (1977).

Affirmed.