PEOPLE v WILKINS

Docket No. 54593. Submitted December 2, 1981, at Grand Rapids.—
Decided April 8, 1982.

Nathaniel Wilkins was convicted of carrying a concealed weapon
and of being an habitual offender, having been convicted of
three prior felonies. The concealed weapon conviction was
reversed by the Supreme Court, *People v Wilkins,* 408 Mich 69
(1980). Upon retrial, Wilkins was again convicted of the con-
cealed weapon charge, after which he was again sentenced as a
fourth felony offender, Recorder's Court of Detroit, Joseph A.
Gillis, J. Defendant appeals, alleging that the reversal of the
fourth felony conviction automatically acted as a reversal of
the habitual offender conviction and that he should not have
been sentenced as an habitual offender after his reconviction of
the fourth felony. *Held:*

The habitual felony conviction was not reversed. That convic-
tion was based on the determination that the defendant had
committed three prior felonies. The trial court was empowered
to sentence him as an habitual offender after he was again
convicted of the fourth felony.

Affirmed.

1. CRIMINAL LAW — HABITUAL OFFENDERS.

The people must prove the existence of three prior convictions
and the identity of the defendant as the person who committed
those offenses in a trial of a defendant as a fourth felony
offender (MCL 769.12; MSA 28.1084).

2. CRIMINAL LAW — HABITUAL OFFENDERS.

A defendant may be sentenced as a fourth felony offender where,
after he has been convicted on such habitual offender charge,
the fourth felony conviction has been reversed and the defen-

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 25.
Evidence of identity for purposes of statute as to enhanced punish-
ment in case of prior conviction. 11 ALR2d 870.
[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 8,
14.

dant has been retried and again been found guilty of the fourth
felony (MCL 769.12; MSA 28.1084).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Anne B. Wetherholt,*
Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: BEASLEY, P.J., and D. F. WALSH and
M. B. BREIGHNER,* JJ.

PER CURIAM. Defendant was convicted of carry-
ing a concealed weapon, MCL 750.227; MSA
28.424, and of being an habitual offender, having
been convicted of three prior felonies, MCL 769.12;
MSA 28.1084. He was sentenced to a term of
imprisonment of 15 to 30 years. Both convictions
were affirmed by panels of this Court. Subse-
quently defendant's conviction for carrying a con-
cealed weapon was reversed by the Supreme Court
and the case was remanded for a new trial. The
habitual offender conviction has not been reversed
or vacated by any appellate court. On retrial,
defendant was again convicted of carrying a con-
cealed weapon and was thereafter again sentenced,
as a fourth felony offender, to a term of 15 to 30
years.

Defendant contends that the habitual offender
conviction was automatically reversed when the
conviction for carrying a concealed weapon was
reversed. Defendant cites no authority for this
proposition and we are not so persuaded.

The trial on an habitual offender information
charging the defendant as a fourth felony offender
concerns the three prior felonies, not the subse-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

quent fourth felony. *People v Hastings,* 94 Mich App 488, 491; 290 NW2d 41 (1979). The statute under which defendant was charged provides in pertinent part as follows:

"Sec. 12. (1) If a person has been convicted of 3 or more felonies, * * * and that person commits a subsequent felony within this state, the person shall be punished upon conviction as follows:

"(a) * * * the court * * * may sentence the person *upon conviction* of the fourth or subsequent offense to imprisonment in a state prison for the term of life or for a lesser term." (Emphasis supplied.) MCL 769.12; MSA 28.1084.

At the trial on the habitual offender information the people must prove the three prior convictions and the identity of the defendant as the person who committed those offenses. *People v Covington,* 70 Mich App 188, 191; 245 NW2d 558 (1976). The people sustained this burden of proof in the habitual offender proceeding following the original conviction of carrying a concealed weapon and defendant was properly convicted as an habitual offender, having committed three prior felonies. That conviction was never reversed. The factual determinations essential to support that conviction have never been set aside.

Under the statute, therefore, all that is necessary to empower the court to sentence the defendant as a fourth felony offender after the reversal of the fourth felony conviction is that the defendant be convicted again of the fourth felony offense upon retrial.

We find, therefore, that the trial court properly sentenced the defendant as a fourth felony offender upon his reconviction of carrying a concealed weapon.

Affirmed.