PEOPLE v HATFIELD (ON REMAND)

Docket No. 124500. Submitted January 4, 1990, at Lansing. Decided February 20, 1990.

Daniel Hatfield was convicted of two counts of assaulting and obstructing a police officer in lawful performance of his duty and one count of wilful and malicious destruction of police property following a jury trial in Bay Circuit Court, Eugene C. Penzien, J. Defendant was subsequently convicted of being a habitual offender, third offense, and was sentenced as a habitual offender. On appeal, the Court of Appeals, in an unpublished opinion per curiam decided June 26, 1986 (Docket No. 83274), reversed the conviction for wilful and malicious destruction of police property but affirmed the convictions for assaulting and obstructing a police officer. Defendant was convicted on the wilful and malicious destruction of police property charge following a retrial before a jury. Defendant was not retried on the habitual offender charge and, on the basis of the prior habitual-offender proceeding, was sentenced as a habitual offender to a prison term of sixty-four to ninety-six months. Defendant again appealed, and the Court of Appeals affirmed his conviction on the underlying offense, but concluded that the trial court erred in not retrying defendant on the habitual offender charge and remanded the matter to the trial court to either resentence defendant on the underlying, unsupplemented conviction or retry defendant as a habitual offender and sentence him in accordance with the outcome of that trial. 177 Mich App 324 (1989). The people sought leave to appeal to the Supreme Court, which initially denied leave, 433 Mich 869 (1989), but, upon reconsideration, 433 Mich 916 (1989), vacated its earlier denial of leave to appeal and remanded to the Court of Appeals for reconsideration in light of the fact that the Court of Appeals in its earlier decision erroneously noted that the issue whether it was necessary to retry defendant on the

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 23, 31, 32.

See the Index to Annotations under Appeal and Error; New Trial; Habitual Criminals and Subsequent Offenders.

habitual offender charge following his reconviction on the underlying offense was one of first impression.

On remand, the Court of Appeals *held:*

1. The Court of Appeals earlier finding that this issue was one of first impression was erroneous. The issue has been previously addressed by the Court of Appeals, wherein it was determined that there is no reason to require a retrial on a habitual offender charge if the initial appeal did not reverse the habitual offender conviction. Accordingly, defendant's conviction and sentence as a habitual offender are affirmed.

2. Defendant's sentence does not shock the judicial conscience, nor does it constitute cruel and unusual punishment.

Affirmed.

CRIMINAL LAW — HABITUAL OFFENDERS.

A defendant may be sentenced as a habitual offender where, after he has been convicted on such habitual offender charge, the underlying felony conviction has been reversed and the defendant has been retried and again found guilty of the underlying felony; there is no need for a retrial of the habitual offender charge where the habitual offender conviction was not reversed on appeal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George G. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Arthur M. Fitzgerald,* for defendant on appeal.

### ON REMAND

Before: DANHOF, C.J., and SAWYER and GILLIS, JJ.

SAWYER, J. Defendant was convicted, following a jury trial, of wilful and malicious destruction of police property. MCL 750.377b; MSA 28.609(2). Defendant had previously been convicted of being a habitual offender (third offense). MCL 769.11; MSA 28.1083. Defendant was sentenced to serve sixty-four to ninety-six months in prison.

This is the third time this matter has come before this Court. In an original appeal following defendant's first trial, this Court reversed the conviction for wilful and malicious destruction of police property in an unpublished opinion per curiam, decided June 26, 1986 (Docket No. 83274). Defendant's conviction as a habitual offender was left undisturbed in the initial appeal. Thereafter, defendant was retried and again convicted of wilful and malicious destruction of police property. The trial court, however, determined that, since defendant's original conviction as a habitual offender had not been reversed, it was unnecessary to retry defendant on the habitual offender charge and proceeded to sentence defendant as a habitual offender. Defendant again appealed and this Court affirmed his conviction on the underlying offense, but concluded that the trial court erred in not retrying defendant on the habitual offender charge and remanded the matter to the trial court to either resentence defendant on the underlying, unsupplemented conviction or retry defendant as a habitual offender and sentence him in accordance with the outcome of that trial. *People v Hatfield,* 177 Mich App 324; 441 NW2d 76 (1989). Thereafter, the people sought leave to appeal to the Supreme Court, which initially denied leave. *People v Hatfield,* 433 Mich 869 (1989). However, upon reconsideration, the Court vacated its earlier denial of leave to appeal and remanded the matter to this Court for reconsideration in light of *People v Wilkins,* 115 Mich App 153; 320 NW2d 326 (1982). *People v Hatfield,* 433 Mich 916; 449 NW2d 106 (1989).

In our earlier opinion, we erroneously noted that the issue whether it was necessary to retry defendant on the habitual offender charge following his reconviction on the underlying offense was

one of first impression. *Hatfield, supra* at 329. After the Supreme Court's initial denial of leave to appeal, it was brought to this Court's attention that the prior decision in *Wilkins, supra,* had dealt with this issue and concluded that retrial was unnecessary. Accordingly, this Court notified the Supreme Court that a conflict existed, after which the Court remanded the matter to us for reconsideration in light of the *Wilkins* decision.

In *Wilkins, supra* at 155, this Court determined that there was no reason to require a retrial on a habitual charge if the initial appeal did not reverse the habitual conviction:

> At the trial on the habitual offender information the people must prove the three prior convictions and the identity of the defendant as the person who committed those offenses. *People v Covington,* 70 Mich App 188, 191; 245 NW2d 558 (1976). The people sustained this burden of proof in the habitual offender proceeding following the original conviction of carrying a concealed weapon and defendant was properly convicted as an habitual offender, having committed three prior felonies. That conviction was never reversed. The factual determinations essential to support that conviction have never been set aside.

After further consideration of this matter as directed by the Supreme Court, we are persuaded that the *Wilkins* Court correctly analyzed this issue and that our original opinion in this regard was in error. Accordingly, we now affirm defendant's conviction and sentence as a habitual offender.

Finally, we have considered the issues related to sentencing raised in defendant's original brief in this matter and which were not addressed in our prior decision. We conclude that defendant's sen-

tence does not shock our judicial conscience, *People v Coles*, 417 Mich 523; 339 NW2d 440 (1983), nor does it constitute cruel and unusual punishment.

Affirmed.