## State of Vermont v. Darren Baril

[583 A.2d 621]

No. 88-032

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed October 26, 1990

*Jeffrey L. Amestoy*, Attorney General, *Susan R. Harritt*, Assistant Attorney General, and *Gayle Middleton*, Law Clerk (On the Brief), Montpelier, for Plaintiff-Appellee.

*Daniel Albert*, Public Defender, St. Albans, for Defendant-Appellant.

**Allen, C.J.** A jury convicted defendant of driving a motor vehicle under the influence of alcohol (DUI). The conviction was his second within five years. Accordingly, the trial court sentenced defendant as a second offender pursuant to 23 V.S.A. § 1210(c). Defendant appeals his sentence and asks that the case be remanded for resentencing before a different judge. We affirm.

In July 1986, defendant was involved in a two-car accident and was subsequently charged with DUI in violation of 23 V.S.A. § 1201(a)(2), along with a related traffic violation. The information also alleged that defendant had a prior conviction for drunk driving. Before trial, defendant moved to suppress

the numerical breath test result. The parties subsequently stipulated that the breath test would not be referred to except as rebuttal under certain limited circumstances.

The jury found defendant guilty of DUI and the related traffic offense. Thereafter, the second phase of the bifurcated proceeding was held to determine the accused's liability to enhanced punishment as a subsequent offender in accordance with the procedures outlined in *State v. Cameron*, 126 Vt. 244, 227 A.2d 276 (1967). The State introduced identification testimony and a certified copy of a prior conviction. The jury found that defendant had been convicted of violating 23 V.S.A. § 1201 within the preceding five years and was therefore subject to the enhanced penalty provision of 23 V.S.A. § 1210(c).[1]

Defendant filed a motion for a new trial challenging several aspects of the prosecutor's closing argument. The court granted defendant's motion with respect to the substantive offense, but explicitly left intact the jury's finding from the enhancement phase of the proceeding for use if defendant were found guilty upon retrial.

At the second trial, a jury again convicted defendant of DUI. The court, stating that it could not "ignore the fact that the two offenses occurred so close together," sentenced defendant to a jail term of ten days to one year, all suspended except ten days, pursuant to 23 V.S.A. § 1210(c).

Defendant challenges this sentence on appeal, arguing that: (1) the trial court's grant of a new trial necessarily applied to the enhancement allegation of a prior DUI conviction; (2) even if the court had the discretionary authority to limit its new trial order to the principal offense alone, the court abused its discretion in this case; (3) the State's reference to the breath test result at the sentencing hearing contravened the parties' stipulation to defendant's prejudice; and (4) the court erred by fail-

---

[1] 23 V.S.A. § 1210(b) provided that a first offense is punishable by a fine of not less than $200.00 nor more than $750.00, or up to one year in prison, or both. A second DUI conviction within five years of the first is punishable by up to a year in prison, all except 48 hours suspended or deferred, or all suspended if, as a condition of probation, defendant is required to complete satisfactorily a period of community service of not less than 10 days; a fine of not less than $250.00 nor more than $1000.00, or both. 23 V.S.A. § 1210(c) (amended 1989).

ing to give defendant's requested instruction on the presumption of innocence.

## I.

Without citing authority for the proposition, defendant argues that the grant of his new trial motion automatically reinstated his not guilty pleas on all the charges brought by the amended information. Therefore, defendant contends, the State had to prove at the new trial all of the essential allegations beyond a reasonable doubt—including a prior conviction where the charge is DUI-second offense. Further, defendant claims that since *Cameron* requires conviction on the substantive offense before a determination of prior offender status, the finding of a prior offense could have no effect once conviction on the substantive offense was vacated.

■ Defendant essentially claims that the trial court lacked the authority to order a new trial on the substantive offense alone. In *Cameron*, 126 Vt. at 250, 227 A.2d at 280, we left the details of the enhancement procedure to court rules. A motion for a new trial is a matter committed to the sole discretion of the trial court. *State v. Jewell*, 150 Vt. 281, 284, 552 A.2d 790, 792 (1988). Nothing in V.R.Cr.P. 33 indicates the existence of the limitation defendant posits.

■■ The Michigan Court of Appeals considered a similar issue in *People v. Wilkins*, 115 Mich. App. 153, 320 N.W.2d 326 (1982). In that case, a defendant with three prior felony convictions was convicted of carrying a concealed weapon and sentenced as a habitual offender. The weapons conviction was subsequently reversed and remanded for a new trial. After defendant was reconvicted, the trial court sentenced him as a habitual offender without determining defendant's status anew. The Court of Appeals noted that the factual determinations essential to support the habitual offender conviction had never been set aside and ruled that reversal of the substantive offense did not automatically reverse the habitual offender conviction. *Id.* at 155, 320 N.W.2d at 327. The court concluded that "all that is necessary to empower the court to sentence the defendant as a fourth felony offender after the reversal of the fourth felony conviction is that the defendant be convicted again of the fourth

felony offense upon retrial." *Id.* We agree with the approach of *Wilkins* and hold that in a case involving enhanced penalties for prior offenses a court may, within the proper exercise of its discretion, grant a new trial on the substantive offense while leaving undisturbed a finding on a defendant's status as a prior offender. See also *State v. Jackson*, 540 So. 2d 533, 537 (La. Ct. App. 1989) (where statute provided enhanced penalties for use of a firearm in the commission of a crime, court could remand for resentencing to determine whether defendant had used a firearm in the commission of the substantive offense without requiring a second hearing on multiple offender status); *People v. Hatfield*, 182 Mich. App. 384, 386, 451 N.W.2d 634, 635 (1990) (following *Wilkins*).

Contrary to defendant's assertions, *Cameron* does not dictate a different result. *Cameron* held that due process requires that a defendant receive notice of the State's intention to seek a greater punishment because of a prior conviction and outlined the procedure by which an accused must first be tried and convicted of the substantive offense. *Cameron*, 126 Vt. at 248–50, 227 A.2d at 279–80. This Court established a bifurcated proceeding in order to protect an accused from the prejudice that would likely result from the introduction of the accused's former conviction into the trial for the substantive offense. *Id.* at 250, 227 A.2d at 280. No such danger arises in the instant case because the original jury found that defendant had committed a prior offense only after it had convicted him of DUI in a separate proceeding. Another jury then sat for the retrial and, while uninformed of both the allegation of a prior offense and the first jury's decision on enhancement, convicted defendant once again of DUI.

## II.

■ Defendant argues in the alternative that the court abused its discretion by ordering a new trial on only the substantive offense. To prevail on appeal, defendant must affirmatively show that the court abused or unreasonably withheld its discretion. See *State v. Dragon*, 135 Vt. 168, 170, 376 A.2d 12, 13 (1977).

The court granted a new trial on the DUI charge because of the prejudicial effect of the prosecutor's improper closing re-

marks.[2] While the prosecutor's comments were considered prejudicial relative to the DUI proceeding, they were unrelated to the proof offered in the separate enhancement proceeding. In that proceeding, the State presented evidence of defendant's identity as the same individual who was convicted of DUI in February 1986 and introduced a certified copy of that conviction. Defendant offered no evidence to counter the State's enhancement case. We fail to see how the prosecutor's rebuttal remarks could have prejudiced the second proceeding. Given the nature of the improprieties that gave rise to a new trial and the uncontested evidence of a prior offense introduced in the separate enhancement proceeding, defendant has failed to establish that the trial court abused its discretion.

## III.

Before the first DUI trial, the parties stipulated that "there shall be no reference to the breath test in this case except as rebuttal by the State to rebut any assertion by the defendant that he had consumed no alcohol on the date and time in question." The State, however, referred to defendant's blood alcohol content (BAC) test results at the sentencing hearing. Defendant objected and argues on appeal that the court's failure to rule on the objection and to indicate that it would disregard the reference warrants resentencing before a different judge. We disagree.

Defendant bears the burden of proving prejudice as a result of the prosecutor's remarks at the sentencing hearing. See *State v. Bailey*, 144 Vt. 86, 100, 475 A.2d 1045, 1054 (1984) (prosecutor's closing remarks to jury). The presentence investigation (PSI) report specifically included a reference to defendant's BAC test results and contained defendant's version of the underlying events in which he admitted consuming at least fif-

---

[2] Defendant has not supplied the Court with transcripts from the first trial. However, the transcript of the new trial motion hearing indicates that the prosecutor apparently impugned the integrity of defense counsel by asserting a professional ethics violation and suggested without evidentiary support that defendant's car had been involved in a separate mishap on the night that the DUI offense occurred.

teen beers.[3] The error, if any, was harmless due to the cumulative nature of the information. See *State v. Hunt*, 150 Vt. 483, 493–94, 555 A.2d 369, 376 (1988).

## IV.

Lastly, defendant contends that the trial court erroneously instructed the jury on the presumption of innocence.[4] The court refused to give defendant's proposed instruction, which stated that "the presumption of innocence, when considered with all of the other evidence in the case, may be sufficient to raise a reasonable doubt as to the guilt of the defendant." Instead, the court instructed the jury:

> Under the law of the United States and the State of Vermont, a Defendant during a criminal trial must be presumed innocent. This presumption is with him throughout the entire trial and until you reach a verdict. The presumption of innocence itself is a piece of evidence to be considered by you in Defendant's favor. Only if you reach a unanimous verdict of guilty beyond a reasonable doubt, at the end of your discussions in the jury room, does the Defendant lose the presumption of innocence.
>
> To overcome the presumption of innocence it requires that you be convinced of evidence of guilt. Because he is presumed innocent, the Defendant does not have to provide evidence of his innocence. Instead it is the duty of the State to convince you of the Defendant's guilt. In order to convince you, the State must prove every essential element of the offense beyond a reasonable doubt.

13 V.S.A. § 6502 requires the trial court to charge the jury on the presumption of innocence. Taken as a whole, the court's in-

---

[3] PSI reports are made available for a defendant's inspection at least seven days prior to sentencing to afford an opportunity to challenge improperly included information. See *State v. Chambers*, 144 Vt. 377, 384, 477 A.2d 974, 979 (1984); V.R.Cr.P. 32(c)(3). Defendant did not object to the inclusion of the BAC information in the PSI report.

[4] Defendant also claims that the court erred in its instructions on reasonable doubt and conflicting testimony. At trial, however, defendant raised no objection to these aspects of the jury instructions, and we decline to consider these arguments on appeal. See *State v. Hoadley*, 147 Vt. 49, 52, 512 A.2d 879, 881 (1986); V.R.Cr.P. 30.

struction accurately reflects the law. See *State v. Camley*, 140 Vt. 483, 488, 438 A.2d 1131, 1133 (1981). Where a jury instruction breathes the true spirit of the law, the court need not employ the exact terms requested by the complaining party. *State v. Joy*, 149 Vt. 607, 617, 549 A.2d 1033, 1039 (1988). There was no error.

*Affirmed.*