**STATE of South Dakota, Plaintiff
and Appellee,**

v.

**Kendall M. ROBINSON, Defendant
and Appellant.**

No. 17103.

Supreme Court of South Dakota.

Argued Jan. 8, 1991.

Decided April 24, 1991.

Mark A. Moreno, Hughes County States Atty., Thomas H. Harmon, Asst. Atty. Gen., Pierre, for plaintiff/appellee.

James A. Eirinberg, Sioux Falls, for defendant/appellant.

DOBBERPUHL, Circuit Judge.

## ISSUES PRESENTED

Kendall M. Robinson (petitioner) brings the following issues to this court for our resolution:

1. WHETHER THE TRIAL COURT ERRED IN REFUSING TO DISMISS THE PART II INFORMATION ACCUSING PETITIONER OF BEING AN HABITUAL OFFENDER?
2. WHETHER THE TRIAL COURT ERRED IN RULING THAT SDCL 23A–44–5.1 (THE 180–DAY RULE) DID NOT REQUIRE DISMISSAL OF THIS CASE?

We affirm.

## PROCEDURAL HISTORY

On June 10, 1985, pursuant to an information, petitioner was charged with escape and aggravated assault. Petitioner pled not guilty and not guilty by reason of insanity to both charges. On October 18, 1985, a jury returned a verdict of guilty but mentally ill to both counts. Pursuant to a Part II information petitioner was charged with having been convicted of three prior felonies. Petitioner changed his plea to Part II of the information to guilty and admitted to being an habitual offender. Petitioner was sentenced to five years on Count I and twenty-two years on Count II. Petitioner's conviction was appealed and affirmed. *State v. Robinson*, 399 N.W.2d 324 (S.D.1987).

Petitioner filed his first petition for writ of habeas corpus on April 30, 1987. Petitioner appealed the denial of the writ to this court; the denial was affirmed. *Robinson v. Solem*, 432 N.W.2d 246 (S.D.1988).

On January 6, 1989, petitioner filed his second petition for writ of habeas corpus. On August 15, 1989, Sixth Circuit Court Judge Donald Heck, issued a memorandum decision holding that the application of SDCL 22–5–10, as amended effective July 1, 1985, to petitioner's offenses committed on May 8, 1985, constituted an ex post facto law. Based upon that ruling, he granted the writ, vacated the judgment of conviction and directed the release of petitioner, or, in the alternative, a new trial. Judge Heck specifically refused to rule on whether the prior convictions used to enhance petitioner's penalty were valid. Neither the state nor petitioner appealed that decision to this court.

On January 15, 1990, petitioner was transported to Pierre to attend an arraignment hearing on the amended information which recharged the aggravated assault and escape offenses. Petitioner was also arraigned on an amended Part II information, which charged him with being an habitual offender. Petitioner again entered pleas of not guilty.

Petitioner's jury trial began on April 4, 1990. On April 5, 1990, the jury returned a verdict of guilty to escape and guilty to aggravated assault.

The trial court refused to grant a retrial on the Part II habitual offender information and did take judicial notice of the court files of petitioner's prior felonies. A sentencing hearing was held on April 9, 1990, and petitioner was sentenced to five years on the escape charge and twenty-two years on the aggravated assault charge, with credit for time served being granted. Petitioner appeals.

## ISSUES PRESENTED

WHETHER THE TRIAL COURT ERRED IN REFUSING TO DISMISS THE PART II INFORMATION ACCUSING PETITIONER OF BEING AN HABITUAL OFFENDER?

Petitioner argues that the trial court failed to determine whether petitioner's prior felony convictions were constitutionally valid. Further, petitioner alleges

that the trial court failed to consider and determine on the record, that for each of the prior felonies listed, petitioner had been properly advised of all of his "Boykin rights" and had then voluntarily and intelligently waived those rights prior to entering guilty pleas. As a matter of federal constitutional law, "[a] plea of guilty cannot stand unless the record in some way indicates a free and intelligent waiver by the defendant of his constitutional right to confront and cross-examine witnesses against him, his constitutional right to trial by jury, and his constitutional privilege against self-incrimination." *Stacey v. State,* 349 N.W.2d 439, 441 (S.D.1984) (*citing Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).

In addition to waivers of these three "Boykin rights" the record must disclose, as a matter of South Dakota law, that the defendant understood the nature and consequences of his plea. *Nachtigall v. Erickson,* 85 S.D. 122, 178 N.W.2d 198 (1970). While there is no set formula for establishing on the record the voluntariness of a guilty plea, "[t]he trial court must *normally* inform the defendant of these rights personally to insure that the record indicates a free and intelligent waiver of these rights." *Logan v. Solem,* 406 N.W.2d 714, 716–717 (S.D.1987) (emphasis original). The court's obligation to satisfy itself as to each of these four prerequisites before accepting a guilty or a guilty but mentally ill plea by "addressing the defendant personally in open court" and making a record of it are codified at SDCL 23A–7–4, 23A–7–5, 23A–7–15, and 23A–7–16. *State v. Bailey,* 464 N.W.2d 626 (S.D.1991).

This court in *Gregory II* (*Gregory v. State,* 353 N.W.2d 777 (S.D.1984)), adopted the rule that before a plea can be voluntarily entered, the defendant must possess an understanding of the nature of the charge against him. We further have held that, "the ultimate burden of assuring that a defendant is advised of the nature of the charge against him falls upon the trial court and not upon the defendant's attorney." *Gregory v. Solem,* 449 N.W.2d 827, 832 (S.D.1989) (*Gregory III*).

We based our premise in *Gregory III,* on our decision in *Application of Garritsen,* 376 N.W.2d 575, 577 (S.D.1985) where we held:

[T]he record must indicate that the pleading defendant understood the nature and consequences of his plea. The record must indicate that the defendant was informed of his right to a jury trial in the county in which the crime was committed. The record must also indicate a factual basis for a guilty plea before it is accepted. The circuit court cannot assume counsel has so advised the defendant and the record of the preliminary hearing cannot substitute for the circuit court's duty to actively participate by informing and canvassing the defendant, so as to make certain he understands and knows his rights and the nature and consequences of his plea. (citations omitted).

Thus, just as we held in *Gregory III* that the ultimate burden of advising the defendant of the nature of the charge falls upon the trial court, we now similarly hold that the ultimate burden of advising a defendant of the consequences of his plea falls upon the trial court and not the defendant's attorney. *See State v. Wika,* 464 N.W.2d 630 (S.D.1991).

In reviewing the record before us, it is clear that the trial court sufficiently covered what was necessary to establish that petitioner was an habitual offender. The trial court established identity, attorney representation, and conviction. When the legality of these convictions was attacked in the trial court, the trial court's position was that no retrial on the Part II information was going to occur:

THE COURT: Well, I'm going to cut through all the red tape and rule that the defendant is not entitled to be retried on the Part II Information; that he has previously admitted the three prior felony convictions after he was convicted of the underlying felony; and that the court after proper inquiry, found that the admission was voluntary, that there was a factual basis for it, accepted that admis-

sion and found the defendant guilty as an habitual criminal.

In *People v. Wilkins,* 115 Mich.App. 153, 320 N.W.2d 326 (1982), Wilkins was convicted of carrying a concealed weapon and being an habitual offender. He was found to have previously been convicted of three felonies. The court stated:

At the trial on the habitual offender information the people must prove the three prior convictions and the identity of the defendant as the person who committed those offenses. *People v. Covington,* 70 Mich.App. 188, 191, 245 N.W.2d 558 (1976). The people sustained this burden of proof in the habitual offender proceeding following the original conviction of carrying a concealed weapon and the defendant was properly convicted as an habitual offender, having committed three prior felonies. That conviction was never reversed. The factual determinations essential to support that conviction have never been set aside.

We adopt the same rationale. Under the facts in the case before us today, petitioner is clearly an admitted habitual offender. The convictions upon which his classification as an habitual offender is based are not constitutionally infirm. Therefore, we hold that it was not error to leave petitioner's Part II information undisturbed and to attach the records of his prior criminal convictions to this record for the convenience of this court.

It should be noted that this state does not require a re-arraignment for each prior conviction in the enhancement phase. Thus, it may be concluded under the given facts, that the original habitual criminal procedure on the Part II information, after the original jury trial in 1985 is sufficient, has not been overturned, and, can be used.

## ISSUE PRESENTED

WHETHER THE TRIAL COURT ERRED IN RULING THAT SDCL 23A-44-5.1 (THE 180-DAY RULE) DID NOT REQUIRE DISMISSAL OF THIS CASE?

■ The question of whether the 180-day period begins to run in a situation where a conviction has been reversed and a defendant is subsequently recharged, is a case of first impression in South Dakota.

Here, petitioner argues that more than 180 days expired after notice that he should be immediately retried, that good cause did not exist for extending the 180-day period, and state did not file timely a motion for good cause delay. Petitioner further maintains that the trial court abused its discretion in holding that (1) the 180-day rule period began to run on November 14, 1989, and (2) good cause for delay existed.

SDCL 23A-44-5.1 is the codification of Supreme Court Rule 85-4. It reads:

The prosecution shall dispose of all criminal cases by plea of guilty or nolo contendere, trial or dismissal within one hundred eighty days from the date the defendant has first appeared before a judicial officer on the complaint or indictment. Any period of delay shall be excluded if the trial court finds good cause for the delay. In the event of the prosecution's failure to dispose of the action within the time limit required by this section, the action shall be dismissed.

The 180-day rule is a procedural device created by this court to protect the defendant's right to a speedy trial and the integrity of the criminal justice system. It was never intended to apply to instances where a circuit court or this court reverses a conviction and mandates a retrial in lieu of a release or further circuit court proceedings. To construe the rule otherwise and tie the retrial date to the date of the defendant's original appearance before a magistrate would result in an automatic dismissal, rather than a retrial. Such an interpretation, rather than promoting the integrity of the criminal justice system, would make a mockery of it.

Even if the 180-day rule is applied to the petitioner's initial appearance before a judicial officer after his successful habeas proceeding, it is the opinion of this court that the trial date of April 4, 1990 would be within the 180-day period, since after remand, petitioner did not appear in front of the trial court until November 14, 1989.

This court notes that petitioner advanced several other issues on appeal for this court's review. They were briefed but not argued. The contentions are without merit.

Affirmed.

WUEST, and SABERS, JJ., and HERTZ, Acting Justice, concur.

HENDERSON, J., specially concurring.

AMUNDSON, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

DOBBERPUHL, Circuit Judge, for MILLER, C.J., disqualified.

HENDERSON, Justice (specially concurring).

I concur specially *only* to point out my continued belief that SDCL 23A–27–38 is unconstitutional. *State v. Robinson*, 399 N.W.2d 324 (S.D.1987) (Henderson, J., concurring in part; dissenting in part); *Robinson v. Solem*, 432 N.W.2d 246 (S.D.1988) (Henderson, J., dissenting); *State v. Bailey*, 464 N.W.2d 626 (S.D.1991) (Henderson, J., dissenting).

Although the issues raised by Robinson in the present appeal do not deal with whether the guilty but mentally ill (GMBI) statutes unconstitutionally deprive Robinson of due process, I do believe that the state legislature's failure to repeal the GMBI statutes will continue to present due process problems for Robinson and other appellants similarly situated.