# In re John E. Kasper, Jr.

[483 A.2d 608]

No. 83-541

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed September 7, 1984

*Andrew B. Crane*, Defender General, and *Stephen W. Gould*, Defender, Correctional Facilities, Montpelier, for Petitioner-Appellee.

*James P. Mongeon*, Rutland County State's Attorney, Rutland, for Respondent-Appellant.

**Gibson, J.** The State appeals a decision of the Rutland Superior Court (post-conviction court) granting defendant's petition for post-conviction relief brought under 13 V.S.A. § 7131. The post-conviction court vacated three convictions by the Rutland District Court entered on May 23, 1973; the convictions were based on pleas of guilty. The post-conviction court also vacated sentences entered by the Addison Superior Court in another case subsequent to those before the Rutland District Court. The sentences of the Addison Superior Court were based on Vermont's habitual offender statute, 13 V.S.A. § 11, and relied on the three convictions in the Rutland District Court.

On May 23, 1973, defendant entered pleas of guilty to three felonies in Rutland District Court: one count of forgery, 13 V.S.A. § 1801; one count of breaking and entering in the nighttime, 13 V.S.A. § 1201; and one count of escape, 13 V.S.A. § 1501(b). Defendant was sentenced to concurrent terms of three to five years and completed that sentence.

On October 28, 1976, defendant was convicted of three counts of assault and robbery before the Addison Superior Court. He was found to be an habitual offender under 13 V.S.A. § 11, based upon the three felony convictions entered by the Rutland District Court on May 23, 1973. Defendant was sentenced to concurrent terms of zero to life imprisonment.

On May 12, 1982, defendant filed an amended petition for post-conviction relief challenging the guilty pleas which resulted in the three May 23, 1973, felony convictions. After a hearing, the post-conviction court granted defendant's petition based on its conclusion that the guilty pleas were not entered voluntarily and knowingly. The post-conviction court noted several reasons why it thought the guilty pleas were defective. Most notably, the post-conviction court cited the failure of the Rutland District Court (1) to advise the defendant of the elements of the felonies to which he was pleading guilty, and (2) to ascertain whether the defendant understood the elements of those charges.

We agree that the district court failed to explain the law in relation to the facts of the three felony charges when the defendant entered his guilty pleas. Thus, the pleas were not entered knowingly and voluntarily, and we affirm the post-conviction court.

In *McCarthy* v. *United States*, 394 U.S. 459, 466 (1969), the United States Supreme Court noted that "because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy* involved an alleged failure of the trial court to comply with Rule 11 of the Federal Rules of Criminal Procedure. Vermont's Rule 11 closely tracks the federal rule, but the pleas before the Rutland District Court on May 23, 1973, were entered several months before the Vermont Rules of Criminal Procedure were promulgated. As the State correctly points out, however, case law interpreting V.R.Cr.P. 11 is applicable to cases arising before the effective date of the rules. *In re Morse*, 138 Vt. 327, 330 n.2, 415 A.2d 232, 233 n.2 (1980). Furthermore, when the voluntariness of a plea is challenged, federal constitutional rights are implicated. *Boykin* v. *Alabama*, 395 U.S. 238, 243 (1969). Thus, the voluntariness of a plea is ultimately a question of constitutional law. In *Henderson* v. *Morgan*, 426 U.S. 637, 647 (1976), the United States Supreme Court held that the failure to explain an element of an offense to a defendant before accepting his plea deprived the defendant of "adequate notice of the offense to which he pleaded guilty, [thus] his plea was involuntary and the judgment of conviction was entered without due process of law."

The State relies on *United States* v. *Dayton*, 604 F.2d 931 (5th Cir. 1979), *cert. denied*, 445 U.S. 904 (1980), to indicate that when a summary of the charges is read to the defendant, when the charges are simple, and when the defendant is asked if he understands the charges, a sufficient exchange has occurred for the plea to be entered voluntarily and knowingly. In *United States* v. *Dayton, supra*, 604 F.2d at 941, the trial judge read the indictment, which contained a brief summary of the facts as alleged, to the defendant and then asked him if he understood the nature of the charges against him. The defendant replied in the affirmative. Next, the trial judge asked him

if he had any questions about the indictment; the defendant replied in the negative. Of greater significance, however, was the fact that the trial judge then had the prosecuting attorney state in detail the facts the prosecutor expected to prove at trial. *Id.* at 942. The trial court asked the defendant if the facts were true, and the defendant answered in the affirmative. *Id.* On this record the *Dayton* court held that the defendant received a sufficient explanation of the charges and that there was a satisfactory factual basis for the plea. *Id.* at 943.*

In the instant appeal, the State would have us find that the rule of *Dayton* was satisfied when defendant's pleas were entered on May 23, 1973. We disagree. The trial judge did not read the State's informations to the defendant but instead summarized the charges. Furthermore, there was never a recitation of the factual allegations underlying the felony charges as in *Dayton*. Thus, the holding of *Dayton* is not applicable to the facts of this appeal.

■ Just last term, in a case interpreting V.R.Cr.P. 11(f), we observed that "[s]ince the defendant's understanding of the elements of an offense as applied to the facts goes directly to the voluntariness of his plea, the record must affirmatively show sufficient facts to satisfy each element of an offense." *In re Dunham,* 144 Vt. 444, 451, 479 A.2d 144, 148 (1984). This rule was based largely upon the language of *McCarthy, supra.* Thus, our disposition of the instant case turns on an examination of the transcript of the plea change hearing of May 23, 1973. The record must reveal that the elements of each offense were explained to the defendant and that a factual basis for each element was admitted.

■ The record reveals, however, only the most cursory and general reference to the charges against the defendant. The elements of the three felonies were not explained to the defend-

---

* The State also relies on *United States* v. *Sanchez,* 650 F.2d 745 (5th Cir. 1981). *Sanchez,* a fifth circuit case following *Dayton,* dealt with a challenge to the manner in which the trial judge personally addressed the defendant concerning the nature of the charges. There was no mention of the factual basis of the plea. Thus, only part of the rule laid down in *Dayton* was involved. *Sanchez* is a brief per curiam so we may not have a full recitation of the facts of the plea. Under these circumstances, we do not find *Sanchez* to be persuasive authority.

ant, nor were any factual bases for the guilty pleas presented to the court. On the record before us, we cannot say that "the defendant possess[ed] an understanding of the law in relation to the facts." *McCarthy, supra,* 394 U.S. at 466. Absent such an affirmative showing on the record, we must conclude that defendant's pleas were not voluntary. *In re Dunham, supra,* 144 Vt. at 451, 479 A.2d at 148. Thus, the post-conviction court was correct in granting defendant's petition under 13 V.S.A. § 7131.

Because we hold that the May 23, 1973, pleas by the defendant were not voluntary because the defendant never had explained to him the elements of the offenses charged, we need not address the other claims of error by the State. A conviction on a plea found to be involuntary for any reason must be vacated.

*Affirmed.*