**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Richard David LaVALLE,**
**Defendant–Appellant.**

No. 98–55037.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 5, 1999 [1].

Filed Feb. 12, 1999.

Amended May 6, 1999.

Richard David LaValle, Atlanta, Georgia, in pro per, for the defendant-appellant.

Jean Rosenbluth, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: BRUNETTI, MAGILL,[2] and McKEOWN, Circuit Judges.

## ORDER

The opinion filed February 12, 1999, is amended as follows:

1. The slip opinion at 1306, first full paragraph, last two sentences are deleted and replaced with the following language:

   The court granted LaValle's motion and on January 22, 1997, vacated LaValle's conviction, and ordered a new trial. The assistant district attorney assigned to the case did not reprosecute, and as a result, the 1987 charges against LaValle were dismissed.

2. The slip opinion at 1306, last paragraph, fourth line, is changed to read, " ... that his 1987 Massachusetts conviction had been vacated."

3. The slip opinion at 1307, first full paragraph, fourth line, is changed to read, " ... been vacated and, thus, the career offender provisions no. ... "

4. The slip opinion at 1308, first full paragraph, fifth line, is changed to read, "[b]ecause LaValle obtained

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

2. Hon. Frank J. Magill, United States Circuit Judge for the Eighth Circuit, sitting by designation.

the vacatur of his Massachusetts...."

5. The slip opinion at 1309, the "Conclusion" paragraph, is deleted and replaced with the following language:

The district court must reopen his federal sentence because LaValle obtained the vacatur of his Massachusetts conviction.

## OPINION

BRUNETTI, Circuit Judge:

Federal prisoner Richard LaValle appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence for unarmed bank robbery. We have jurisdiction pursuant to 28 U.S.C. § 2253(a) and reverse.

## FACTS AND PROCEEDINGS

This case presents a long procedural history. Following a conviction by a jury of one count of unarmed bank robbery, the probation office prepared and disclosed a presentence report ("PSR"). The PSR recommended LaValle be sentenced as a career offender under sentencing guideline § 4B1.1 on the basis of two predicate offenses, a 1986 conviction in Los Angeles Superior Court for inflicting corporal injury on a spouse/cohabitant and a 1987 conviction in Suffolk County (Massachusetts) Court, Roxbury Division, for three counts of assault and battery on a police officer.

In response to the PSR, LaValle collaterally attacked the California conviction, arguing that he had received ineffective assistance of counsel. He also contended that the Massachusetts conviction was not a predicate felony conviction for purposes of the career offender guideline. The district court rejected these arguments, determined that LaValle qualified as a career offender pursuant to § 4B1.1, and sentenced him to a term of 210 months in prison.

LaValle appealed his sentence, asserting that the district court had improperly denied him the right to collaterally attack his prior California conviction. This Court agreed with LaValle and remanded for resentencing. *See United States v. LaValle,* 19 F.3d 31 (9th Cir.1994) (unpublished) (*LaValle* I).

The district court held a resentencing hearing on August 29, 1994. During the hearing, LaValle challenged his Massachusetts conviction by arguing that it was constitutionally invalid because the state court record did not indicate that he had been represented by counsel or waived his right to representation. The district court rejected LaValle's argument because the docket sheet pertaining to the Massachusetts conviction indicated that LaValle had been assigned counsel. LaValle again appealed his sentence, and this Court upheld the district court's ruling. *See United States v. LaValle,* 51 F.3d 283 (9th Cir. 1995) (unpublished) (*LaValle II*).

Having been unsuccessful in federal court, LaValle, in September, 1996, challenged his Massachusetts conviction in Suffolk Superior Court, by filing a motion seeking to withdraw his guilty plea on the ground that he had never been advised by the court of his right to appeal or other constitutional rights. In support of his motion, LaValle filed an affidavit in which he claimed that he "d[id] not believe" that he had been advised of certain constitutional rights at the time he entered his guilty plea. He also submitted affidavits from his own attorney and another criminal defense attorney, both of whom had been practicing in Suffolk County at the time of LaValle's 1987 conviction, who attested that, to the best of their recollection, defendants appearing in Suffolk County Court in 1987 were usually not informed of certain constitutional rights. The court granted LaValle's motion and on January 22, 1997, vacated LaValle's conviction, and ordered a new trial. The assistant district attorney assigned to the case did not reprosecute, and as a result, the

1987 charges against LaValle were dismissed.

On February 25, 1997, LaValle filed a motion in the district court pursuant to 28 U.S.C. § 2255 seeking to be resentenced on his 1992 federal bank robbery conviction based on the fact that his 1987 Massachusetts conviction had been vacated. He argued that because that conviction served as one of the predicate offenses for his being sentenced as a career offender, he deserved to be resentenced according to the applicable guideline range without the § 4B1.1 enhancement. The district court denied LaValle's § 2255 motion. LaValle appeals the denial of his petition.

## DISCUSSION

LaValle raises only one issue on appeal. He contends that the district court erred by refusing to reopen his federal sentence because his prior Massachusetts state conviction has been vacated and, thus, the career offender provisions no longer apply to his sentence. *See* U.S.S.G. § 4B1.1 (1991 & 1993).

In *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court held that under 18 U.S.C. § 924(e), unless a defendant in a federal sentencing proceeding was claiming a violation of his right to counsel, he had no right at that time to make a collateral attack on a prior state conviction.[3] *See Custis v. United States,* 511 U.S. 485, 497, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). After so holding, the Court stated in dicta:

> We recognize, however, as did the Court of Appeals ... that Custis, who was still 'in custody' for purposes of his state convictions at the time of his federal sentencing under § 924(e), may attack his state sentences in Maryland or through federal habeas review. *If Custis is successful in attacking these state*

> *sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences. We express no opinion on the appropriate disposition of such an application.*

*Id.* (emphasis added) (citations omitted).

The First, Fourth, Fifth and Tenth Circuits have explicitly adopted the position set forth in the *Custis* dicta and now allow a defendant who has successfully attacked a state conviction to reopen his federal sentence. *See United States v. Pettiford,* 101 F.3d 199, 200–202 (1st Cir.1996); *United States v. Bacon,* 94 F.3d 158, 161 n. 3 (4th Cir.1996); *United States v. Cox,* 83 F.3d 336, 339–340 (10th Cir.1996); *United States v. Nichols,* 30 F.3d 35, 36 (5th Cir. 1994) (Government conceded *Custis* allowed defendant to reopen sentencing). This Court has not yet addressed this issue.[4]

■ We adopt the position of the First, Fourth, Fifth and Tenth Circuits and hold that a defendant who successfully attacks a state conviction may seek review of any federal sentence that was enhanced because of the prior state conviction. Because LaValle obtained the vacatur of his Massachusetts conviction, the district court should have granted LaValle's § 2255 motion. Just as the Supreme Court expressed "no opinion on the appropriate disposition of ... an application to reopen," *Custis,* 511 U.S. at 497, we express no opinion on an appropriate sentence for LaValle once his sentence is reopened.

■ We reject the Government's argument that LaValle's claim is not cognizable because he failed to raise the issue regarding the constitutional validity of his Massachusetts conviction on direct appeal. The claim is cognizable because LaValle raised the issue during his second sentencing proceeding. *See United States v. McMullen,*

---

3. In *United States v. Price,* 51 F.3d 175, 177 (9th Cir.1995), the Ninth Circuit extended the *Custis* holding to Sentencing Guidelines cases.

4. In *United States v. Fondren,* 54 F.3d 533, 535 (9th Cir.1995), this Court followed the holding of *Custis* and· recognized the dicta, but did not explicitly adopt the dicta as law.

98 F.3d 1155, 1157 (9th Cir.1996). We similarly reject the Government's argument that LaValle cannot demonstrate the requisite cause and prejudice to have his sentence reopened. Because LaValle raised this issue during resentencing, the cause and prejudice analysis is not implicated. *See United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

## CONCLUSION

The district court must reopen his federal sentence because LaValle obtained the vacatur of his Massachusetts conviction.

**VACATED AND REMANDED.**