## State of Vermont v. Jethro S. Boskind
## State of Vermont v. John S. Boardman

[807 A.2d 358]

Nos. 98-470 & 99-335

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed May 24, 2002
Motion to Reconsider and Clarify Granted August 28, 2002

*Jane Woodruff,* Department of State's Attorneys, Montpelier (98-470), *Lauren Bowerman,* Chittenden County State's Attorney, Burlington, and *John R. Treadwell,* Assistant Attorney General, Montpelier (99-335), for Plaintiff-Appellee.

*Robert Appel,* Defender General, and *William A. Nelson,* Appellate Attorney, Montpelier (98-470), and *Paul D. Jarvis* of *Jarvis and Kaplan,* Burlington (99-335), for Defendants-Appellants.

**Amestoy, C.J.** In these consolidated cases, defendants appeal their enhanced convictions for driving while intoxicated. The appeals present four significant issues: (1) whether a defendant can challenge a prior conviction used to enhance a sentence when the challenge is based on a claim other than a violation of right to counsel; (2) when a defendant has a right to challenge a prior conviction the State intends to rely upon for sentence enhancement, whether the proper forum for exercising that right is the sentencing proceeding in district court or a post-conviction relief (PCR) proceeding in superior court; (3) when the appropriate remedy for a defendant's challenge to a predicate conviction is governed by the post-conviction relief statute (13 V.S.A. § 7131), whether a defendant who challenges the prior conviction is "in custody under sentence" within the meaning of § 7131 when the defendant is no longer in custody for the conviction being challenged; (4) when a defendant challenges a prior conviction used for enhancement purposes on the basis of a failure to comply with V.R.Cr.P. 11, whether the burden of proof to demonstrate compliance shifts to the State where the defendant's evidence raises a substantial question about whether the defendant's plea to the challenged conviction was made in compliance with V.R.Cr.P. 11.

We hold that a defendant's right to challenge a prior conviction that the State intends to use to enhance a sentence is not limited solely to a claim that the conviction was obtained in violation of right to counsel. We further determine that the challenge must take place in superior court pursuant to Vermont's post-conviction relief statute and that a defendant is "in custody under sentence" for purposes of invoking the jurisdictional requirement of § 7131 where the defendant is challenging his current sentence by attacking the constitutionality of a prior conviction used to enhance the defendant's current sentence. We also conclude that the burden of proof remains on the defendant where the defendant's challenge to the prior conviction is based upon a claim that the trial court did not comply with V.R.Cr.P. 11 in accepting defendant's plea to the challenged predicate conviction.

Accordingly, we affirm the enhanced sentences imposed upon the respective defendants and hold that defendants, should they challenge convictions on the basis of a claim that the trial court did not comply with V.R.Cr.P. 11, must do so pursuant to 13 V.S.A. § 7131 where they have the burden to show that the trial court did not substantially comply with V.R.Cr.P. 11 in their pleas and that this noncompliance prejudiced them.

In February 1998, defendants John Boardman and Jethro Boskind were each separately arrested for DUI and charged with violating 23 V.S.A. § 1201(a)(2) ("A person shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway ... when the person is under the influence of intoxicating liquor."). For each defendant, the State sought the enhanced penalty for a DUI-third offense pursuant to 23 V.S.A. § 1210(d) ("A person convicted of violating section 1201 of this title who has twice been convicted of violation of that section shall be fined not more than $2,500.00 or imprisoned not more than five years, or both."). The State alleged that defendant Boardman had been previously convicted of DUI in 1991 and 1992, and that defendant Boskind had been previously convicted of DUI in 1988 and 1991.

Defendant Boardman moved to dismiss the DUI-third offense enhancement, claiming that his prior DUI convictions, in each of which he was represented by counsel and pled guilty, were products of unconstitutional guilty pleas because of failure to comply with V.R.Cr.P. 11. Defendant Boskind moved to dismiss his enhancement, claiming that the 1991 conviction, in which he was represented by counsel, was the product of an unconstitutional nolo contendere plea because the court did not comply with V.R.Cr.P. 11.[1]

The district court denied defendant Boardman's motion to dismiss his prior convictions, precluding his collateral attack on the sentence enhancement, because both of his prior convictions were counseled and had not been appealed, litigated in post-conviction proceedings, or withdrawn. Defendant Boardman pled guilty to the offense pursuant to a conditional plea agreement, by which he was sentenced to 2-to-4 years of supervised community service, but reserved the right to appeal from the denial of his motion to dismiss the enhancement allegation. After the court denied his motion to dismiss his prior conviction, defendant Boskind also pled guilty to the offense pursuant

---

[1] Transcripts from defendant Boardman's 1991 and 1992 convictions reveal that in each case defendant executed waiver of rights forms and written plea agreements, the court inquired and confirmed that defendant understood these documents, and that defendant stipulated to a factual basis for the charge. The State contends that the V.R.Cr.P. 11 colloquies at the changes of plea hearings in 1991 and 1992 were adequate. See *State v. Morrissette*, 170 Vt. 569, 570-71, 743 A.2d 1091, 1093 (1999) (mem.). Transcripts from defendant Boskind's 1991 conviction reveal that the court inquired and confirmed that defendant understood the charges and penalties he was facing, and that a factual basis was given by the State. The State contends that the V.R.Cr.P. 11 colloquy at this hearing was adequate. See *Morrissette*, 170 Vt. at 570-71, 743 A.2d at 1093.

to a conditional plea agreement, by which he was sentenced to a term of 1-to-5 years, and similarly preserved his right to appeal.

Both trial courts relied on *Custis v. United States*, 511 U.S. 485 (1994), in denying each defendant's motion. In *Custis*, the United States Supreme Court considered the availability, during federal sentencing hearings, of collateral attacks on prior convictions that serve as the basis for enhancement under the Armed Career Criminal Act (ACCA). See 18 U.S.C. § 924(e). The Court held that Congress did not intend to permit defendants to challenge the validity of such convictions at federal sentencing hearings, except in cases where the prior convictions were obtained in total denial of the right to counsel, contrary to *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Custis*, 511 U.S. at 496; see also *Burgett v. Texas*, 389 U.S. 109, 115 (1967); *United States v. Tucker*, 404 U.S. 443, 448 (1972).

Since briefing and oral argument in this case, the United States Supreme Court has issued two decisions amplifying the meaning of *Custis*.[2] In *Daniels v. United States*, 532 U.S. 374 (2001), the Court considered whether, after the sentencing proceeding has concluded, the individual who was sentenced may challenge his federal sentence through a motion under the federal post-conviction relief statute (28 U.S.C. § 2255) on the ground that his prior convictions were unconstitutionally obtained. The Court held that "as a general rule, he may not." *Id.* at 376. In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the Court again confronted the question of whether federal post-conviction relief is available when a prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody. The Court determined that "relief is similarly unavailable to state prisoners through a petition for a writ of habeas corpus under 28 U.S.C. § 2254." *Id.* at 396-97.

The decisions in *Daniels* and *Coss* put to rest the debate over whether — as defendants originally argued — the lesson to be gleaned from *Custis* was merely about *where* a defendant could attack a prior conviction for constitutional infirmity. "*Custis* presented a forum question. The issue was *where*, not *whether*, the defendant could attack a prior conviction for constitutional infirmity." *Nichols v. United*

---

[2] We granted defendants' Motion for Leave to File Supplemental Briefs to address the relevance of *Daniels* and *Coss*. In supplemental briefing, the defendants and the State each argue that the opinions are unnecessary to a resolution of this case. "*Daniels* and *Coss* should have no effect on the Court's decision in these cases." "This Court need not consider *Coss* or *Daniels* in this appeal."

*States*, 511 U.S. 738, 765 (1994) (Ginsburg, J., dissenting) (emphasis in original). As the dissent here accurately observes, many state courts allowed a challenge to a predicate conviction within an enhanced sentence proceeding for reasons other than denial of counsel because prior to *Custis* it was assumed that the federal constitution required the procedure. Defendants acknowledge — as they must — that in light of *Custis* and subsequent cases, the issue before us is not whether the procedure they seek is constitutionally required, but whether, as a matter of policy we should allow the challenges to predicate convictions within the enhanced sentencing proceedings or whether the challenge should be by a petition to superior court for post-conviction relief, assuming that the "in custody" requirement was satisfied. We agree that *Daniels* and *Coss* do not alter the issue before us.

While *Daniels* and *Coss* are conclusive as to the limitations placed upon defendants who seek a federal forum to collaterally attack a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction, the decisions do not preclude this Court from deciding: (a) whether a defendant may collaterally challenge a prior conviction which the State intends to rely upon to enhance a sentence when the challenge is based on a claim other than a violation of the right to counsel, and (b) if so, where that challenge should take place.

We hold that a defendant's collateral challenge to a prior conviction upon which the State relies to enhance a sentence is not limited solely to claims of invalidity based upon a violation of the right to counsel. Defendants and the State agree that Vermont practice since *In re Stewart*, 140 Vt. 351, 438 A.2d 1106 (1981), has been to permit post-conviction relief challenges to "enhancement" convictions, so long as the petitioner was "in custody" on the recidivist sentence. See *In re Kasper*, 145 Vt. 117, 118, 483 A.2d 608, 609 (1984). Challenges to the State's reliance on predicate convictions used to enhance or subject a defendant to recidivist penalties have been predicated — as defendants seek to do in the instant case — on alleged Rule 11 violations. See, e.g., *id.* (Rule 11); *In re LaMountain*, 170 Vt. 642, 643, 752 A.2d 24, 25 (2000) (mem.) (petitioner collaterally attacked a 1985 DUI conviction for Rule 11 violation but revocation of petitioner's driver's license for life as a result of predicate convictions insufficient to establish "in custody under sentence" as required by post-conviction relief statute).

Indeed, although defendants, in supplemental briefing, express concern that the holdings of *Daniels* and *Coss* may lead to similar

restrictions under Vermont's post-conviction relief statute we note that "the compelling interest . . . in the finality of convictions" that grounds the Supreme Court's determination in both cases acknowledges the significance of state-created review of convictions:

> Once a judgment of conviction is entered in state court, it is subject to review in multiple forums. Specifically, each State has created mechanisms for both direct appeal and state postconviction review ... even though there is no constitutional mandate that they do so.

*Coss*, 532 U.S. at 402.

It would be anomalous, to say the least, if at the moment the United States Supreme Court was limiting access to post-conviction relief in federal forums because of confidence in state post-conviction review procedures, we chose this time to narrow the grounds upon which a collateral attack on a predicate conviction could be made in a post-conviction relief proceeding.

Defendants further assert that if they may challenge prior convictions that the State intends to use for sentence enhancement purposes, they are entitled to do so at the sentencing hearing in district court.[3] Defendants also contend that, as a practical matter, the district court is in a better position to determine the validity of prior convictions, as the files and transcripts may be more readily available.

We disagree. We note that even those decisions that predate *Daniels* and *Coss* overwhelmingly determined that such challenges should occur in post-conviction relief procedures, not at sentencing hearings. See, e.g., *United States v. Clark*, 203 F.3d 358, 363 (5th Cir. 2000) (*"Custis* announced only a prohibition on [collateral attacks] in

---

[3] Defendant Boardman also asserts that the prior offense is an element of the repeat-offender charge and that, under 23 V.S.A. § 1210(d), the jury was not at liberty to acquit him on the ground that a predicate conviction was legally invalid. We have, however, previously addressed that issue in *State v. Porter*, 164 Vt. 515, 520, 671 A.2d 1280, 1283-84 (1996), noting:

> Although we require the State to allege prior convictions as an element of the repeat-offender charge, we nevertheless held in [*State v. Cameron*, 126 Vt. 244, 249, 227 A.2d 276, 280 (1967)] that "[t]he fact of a prior conviction or convictions does not become material until after the conviction of the accused on the substantive offense on trial is established, and then *only for the purpose of enabling the trial judge to impose the proper sentence.*" ... The bifurcated procedure established in *Cameron* ... is expressly intended to allow a jury to convict or acquit a defendant of the substantive offense without regard to any prior offenses for which the defendant was convicted.

the context of federal sentencing hearings. This Court has consistently sanctioned the use of [federal habeas corpus statute] to attack a federal sentence being currently served on the ground that it was enhanced on the basis of a constitutionally invalid prior conviction."), *vacated by* 532 U.S. 1005 (2001); *United States v. Walker*, 198 F.3d 811, 814 (11th Cir. 1999) (applying *Custis* ban to prior conviction challenge at sentencing, but allowing habeas corpus attack in separate post-conviction proceeding); *United States v. LaValle*, 175 F.3d 1106, 1108 (9th Cir. 1999) (same); *United States v. Garcia*, 42 F.3d 573, 581 (10th Cir. 1994) (same); *Fairbanks v. State*, 629 A.2d 63, 68 (Md. 1993) ("A defendant who is prevented [by our ruling] from challenging the constitutionality of a prior conviction ... during a sentencing proceeding ... may thereafter mount a collateral challenge by any means that remain available, including post-conviction procedures ....").

We also are unpersuaded by defendants' argument that requiring a defendant to proceed in a forum other than the sentencing court "would be cumbersome and lavishly wasteful of resources." In asserting that records and transcripts relating to challenged predicate convictions would be more readily available at the court in which the sentencing hearing is held, defendants envision a more orderly confluence of present court and past record than is reflected by experience. The prior conviction being attacked is ordinarily several years old. It may have been a conviction resulting from a proceeding in the same courthouse, but is as likely to have been a conviction obtained in another district court. *Custis* itself recognized a distinction between a *Gideon* error — presumably the most easily identified basis for challenge — and other constitutional challenges that "would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts." *Custis*, 511 U.S. at 496. Although defendants argue that it is more practical and efficient to require the district court to determine the validity of its own convictions, we disagree and decline to "force the sentencing court to look behind every conviction with practically no record to rely on." *State v. Delacruz*, 899 P.2d 1042, 1049 (Kan. 1995).[4]

---

[4] The dissent's exception to our judgment as to the policy choice best fitted to Vermont's trial courts is based upon the California Supreme Court's assessment of "efficient judicial administration" in the California judiciary. See *People v. Allen*, 981 P.2d 525, 532 (Cal. 1999) (internal citation omitted). Although the dissent has characterized the California approach as "carefully calibrated" to meet the administrative difficulties of predicate conviction challenges in enhancement proceedings, three members of the seven member

Moreover, we concur with *Custis*'s observation that allowing attacks for non-*Gideon* error at sentencing would only result in "delay and protraction of the ... sentencing process." *Custis,* 511 U.S. at 497. "Other courts have also recognized the need to limit the defendant's right to be heard at sentencing to prevent the sentencing hearing from becoming a trial." *People v. Padilla,* 907 P.2d 601, 609 (Colo. 1995); see also *United States v. Fondren,* 54 F.3d 533, 534 (9th Cir. 1994) (rejecting judicial economy arguments and adopting *Custis* rule).

Of equal or greater significance than matters of administration and expeditiousness of sentencing are the benefits offered by utilizing established PCR procedures for challenges to non-*Gideon* errors:

> The defendant must allege with specificity the claimed deficiencies, thus allowing the State a reasonable opportunity to investigate, respond, and prepare a defense. Prior proceedings, including any direct appeals and previous collateral challenges, can be explored, with concomitant opportunity to determine whether the issues have been previously litigated, waived, or are otherwise barred by prior proceedings.

*Fairbanks,* 629 A.2d at 65. Indeed, in a PCR, the State has the ability to call the defendant as a witness, whereas in a sentencing proceeding it does not. Providing a clear record and fully articulated arguments from all material witnesses in a PCR appeal is precisely why we have a. 13 V.S.A. §§ 7131-7137. See *Stewart,* 140 Vt. at 356, 438 A.2d at 1107-08) (PCR statutes "enacted to simplify the often cumbersome procedures associated with habeas corpus ... and to provide a more convenient forum for obtaining relevant records and witnesses.").

Adhering to our PCR procedures safeguards a defendant's rights while promoting the State's interest in finality of judgments. See *In re Rebideau,* 141 Vt. 254, 257, 448 A.2d 144, 146 (1982) ("[P]ost-conviction relief is not a vehicle for reexamining a defendant's guilt or innocence, but is rather designed to correct fundamental trial errors without jeopardizing the State's interest in finality."); *State v. Provencher,* 128 Vt. 586, 591, 270 A.2d 147, 150 (1970) ("[F]inality ... is of vital significance in the administration of criminal justice.") (Holden, C.J.,

---

court in *Allen* expressed reservations about the majority's confidence in the ease of administration. See *id.* at 540-41 (Baxter, J., concurring) ("[T]he instant majority opinion rel[ies] heavily on the assumption that a complete record of the prior conviction will be readily available, so that it can easily be ascertained whether ... procedures were followed. However, our own decisions belie this assumption.").

concurring with all members of the Court in accord). Although the dissent asserts that adherence to established PCR procedures may result in offenders convicted in DUI enhancement cases serving their sentences before a PCR petition challenging a predicate conviction is resolved (in superior court), our system of justice does not guarantee convicted defendants that all avenues of appeal must be exhausted before any sentence is imposed. If PCR decisions in cases of collateral attack on predicate DUI convictions demonstrate that defendants are serving all or most of their sentence prior to a PCR determination that the predicate convictions used for enhancement are constitutionally infirm, the Supreme Court by administration or rule may calibrate a practical remedy to a real — not theoretical — problem.

Nor do we agree with the dissent's view that our approach will bring the "risk" of early constitutional challenges to convictions. If one assumes — as we do — that a constitutional challenge is made in good faith, early challenges to convictions ought to be encouraged. We fail to see how the defendant, judicial administration, or justice are served by a system that provides incentives for defendants or their counsel to ignore alleged constitutional violations at the time they take place in the belief that some tactical advantage may be gained by challenging a conviction remote in time. If "risk-benefit" analysis is to be used, we seek the benefit of ensuring that constitutional attacks on convictions are resolved as early as possible, whatever risk this may pose to an increase in judicial workload.

Given these policy concerns, it simply cannot be persuasively maintained that defendants should be allowed to challenge their predicate convictions at the sentencing phase of an enhancement charge. If defendants choose to challenge the district courts' compliance with V.R.Cr.P. 11 in taking defendants' prior pleas, they must do so in PCR proceedings pursuant to 13 V.S.A. § 7131.

Defendants express concern that, since their sentences for their predicate convictions have expired, they may not be able to avail themselves of post-conviction relief because of 13 V.S.A. § 7131's requirement that only a defendant who is "in custody under sentence" may challenge his or her conviction. The State concedes, however, that a defendant seeking to challenge an expired prior DUI conviction that was used to enhance a sentence satisfies the "in custody under sentence" requirement of § 7131. As the Third Circuit Court of Appeals explained:

[A post-conviction relief] petitioner in custody under a sentence enhanced by a prior conviction may attack that prior conviction, even if he is no longer in custody for it. However, he may do so only in the context of a challenge to the enhanced sentence for which he is in custody. In other words, a prisoner may attack his current sentence by a [post-conviction] challenge to the constitutionality of an expired conviction if that conviction was used to enhance his current sentence.

*Young v. Vaughn*, 83 F.3d 72, 77-78 (3d Cir. 1996); see also *Williams v. Edwards*, 195 F.3d 95, 96 (2d Cir. 1999) ("However, 'the "in custody" requirement for federal habeas jurisdiction' is satisfied when a *pro se* petition, liberally construed, 'can be read as asserting a challenge to a current sentence, as enhanced by an allegedly invalid prior conviction.' ") (citation omitted).

Finally, defendants argue that if they can show near noncompliance with V.R.Cr.P. 11 in their prior plea proceedings, the burden of proof should shift to the State to show that those convictions may nevertheless be used to enhance their subsequent sentences. This contention is essentially the corollary to defendants' argument that they should be allowed to challenge their prior convictions at sentencing. We have already rejected this premise by holding that defendants may challenge their predicate convictions only in PCR proceedings. Accordingly, we reject defendants' burden-shifting argument, and hold that the burden is on defendants to prove that their respective trial courts did not substantially comply with V.R.Cr.P. 11 in accepting their plea agreements and that this noncompliance prejudiced their pleas. See *In re Thompson*, 166 Vt. 471, 475, 697 A.2d 1111, 1113 (1997); see also *Fairbanks*, 629 A.2d at 65 ("Because a facially valid conviction is entitled to a strong presumption of regularity, [a post-conviction relief] procedure clearly places the burden of proof where it should be — upon the defendant attacking the conviction.").

*Affirmed.*

**Dooley, J.,** dissenting. If the majority opinion provided a meaningful remedy for a defendant, facing an enhanced sentence, to challenge a predicate conviction, I would join it. The reality, however, is that the challenge method the majority has allowed is likely, in DUI cases like those before us, to provide relief only after the defendant has served

the enhanced sentence. Thus, the remedy comes too late to be meaningful, an overriding factor ignored by the majority. For that reason, I dissent.

Consistent with its decision that these defendants can bring post-conviction relief (PCR) proceedings under 13 V.S.A. § 7131, *but only after defendants have been sentenced on the enhanced offense,* the majority faced two options on how it would allow defendants to challenge one or more of the predicate convictions: (1) as defendants sought, they could challenge the predicate offenses as part of the proceedings in the criminal case in which the State seeks enhancement; or (2) defendants could challenge the predicate convictions in a PCR filed under § 7131. In choosing to allow only the second option, the majority relies heavily on three decisions of the United States Supreme Court — *Custis v. United States,* 511 U.S. 485 (1994); *Lackawanna County District Attorney v. Coss,* 532 U.S. 394 (2001); and *Daniels v. United States,* 532 U.S. 374 (2001). I do not find these decisions to be dispositive.

If this case had arisen before *Custis,* it is highly likely that defendants would have prevailed. Although we had never ruled directly on the question presented here, the lower courts were allowing constitutional challenges to predicate convictions based on guilty pleas in the proceeding in which the State was seeking an enhanced sentence, and we reviewed a number of these decisions without questioning the procedure. See, e.g., *State v. Tatro,* 161 Vt. 182, 186, 635 A.2d 1204, 1207 (1993). The procedure was consistent with black letter law from around the country:

> Generally, underlying prior convictions based on pleas of guilty must be obtained in compliance with constitutional standards, and a plea without these advisements may not be used to supplement the charge in an habitual offender proceeding, or to serve as a basis for enhancing punishment.

24 C.J.S. *Criminal Law* § 1658, at 308-09.

*Custis* changed this situation primarily by ruling that this procedure is not constitutionally required except in the case of challenges based on denial of the right to counsel. 511 U.S. at 496. Thus, in light of the *Custis* holding, defendants have not argued here that the procedure they seek is constitutionally required. They argue instead that it is the fairest and most efficient method of resolving the legality of predicate convictions and is consistent with the statutory scheme.

Some, but not yet a majority of, state courts have reconsidered their holdings on challenging predicate convictions in light of *Custis*. Many of these courts have assumed that defendants were allowed to challenge predicate convictions within the enhanced sentence proceeding for reasons other than denial of the right to counsel because it was thought that the federal constitution required this procedure. Once *Custis* made clear there was no such constitutional requirement, these courts simply abandoned the challenge procedure in noncounsel cases without analysis of whether it should be continued as a policy matter. Thus, these courts never considered the arguments defendants are making here.

Among the remaining courts that have considered the policy arguments, the most thorough and persuasive analysis has come from the California courts. In a pre-*Custis* decision, the California Supreme Court held in *People v. Sumstine*, 687 P.2d 904, 914 (Cal. 1984), that a defendant could challenge a predicate conviction, within the enhanced sentence proceeding, where the challenge alleged that the predicate conviction was based on an unconstitutional guilty plea procedure in violation of the requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969). In reaching this decision, the court relied upon an earlier case, *People v. Coffey*, 430 P.2d 15 (Cal. 1967), in which the challenge of the predicate conviction was based on a denial of the right to counsel. *Coffey* held that "it is clearly in the interest of efficient judicial administration that attacks upon the constitutional basis of prior convictions be disposed of at the earliest possible opportunity, and we are therefore of the view that, if the issue is properly raised at or prior to trial, it must be determined by the trial court." *Id.* at 22. *Sumstine* held that this rationale applied equally in cases involving challenges to predicate convictions based on constitutional attacks to the guilty plea procedure. 687 P.2d at 912-13.

In three decisions, the California Supreme Court reconsidered *Sumstine* after *Custis*. See *People v. Allen*, 981 P.2d 525 (Cal. 1999); *Garcia v. Superior Court*, 928 P.2d 572 (Cal. 1997); *People v. Horton*, 906 P.2d 478 (Cal. 1995). In the last and most relevant, *People v. Allen*,[1] the court rejected the analysis of *Custis* that suggested that considering attacks on predicate convictions in the enhanced sentence

---

[1] *Allen* arose under California's three strikes law for recidivist felony convictions. The issue does not actually arise in DUI cases in California because the right to challenge predicate convictions within the DUI case in which enhancement is sought is provided by statute in California. See Cal. Veh. Code § 41403 (2000).

proceeding was not the most efficient procedure. Central to the court's decision is its recognition that:

> *Custis* ... set[s] the floor for federal constitutional purposes, [but does] not ... prohibit states from establishing rules of procedure to facilitate the smooth and efficient operation of their trial courts.

*Allen*, 981 P.2d at 537. That recognition should guide this decision, but unfortunately does not. I discuss the California court's reasoning in connection with the majority's analysis of these issues below.

Although it is in a sense backward, I start with the majority's reasons not to allow the challenge to the predicate convictions in the enhanced sentence proceeding. The majority draws two from the *Custis* analysis. The first is that requiring PCR review supports finality of judgments. *Custis* explained this policy as additional support for its conclusion, stating that " 'inroads on the concept of finality tend to undermine confidence in the integrity of our procedures.' " 511 U.S. at 497 (quoting *United States v. Addonizio*, 442 U.S. 178, 184 n.11 (1979)). It also noted that this concept has extra weight when the challenged judgment is based on a guilty plea.

As commentators noted about *Custis*, the Court's discussion of finality of judgments made sense only if the Court was precluding all federal review of state judgments that are used as a predicate to an enhanced federal sentence. See Note, *More than a Question of Forum: The Use of Unconstitutional Convictions to Enhance Sentences Following Custis v. United States*, 47 Stan. L. Rev. 1323, 1336 (1995). As the majority notes here, that is exactly the effect of the later cases, *Daniels v. United States* and *Lackawanna County Dist. Attorney v. Coss*. Thus, the *Custis* rule supports a total denial of review, not a decision on where and when review should occur. The majority acknowledges that we are deciding where and when review should occur, not whether review should occur. While the majority suggests that finality of a predicate judgment is promoted by requiring that the challenge to it be in a separate PCR proceeding, exactly the opposite is true. Allowing the challenge in the enhancement criminal case will only deny its use in enhancement. A successful PCR challenge will entirely overturn the judgment.

Like the Supreme Court in *Custis*, the majority grounds most of its rationale on practical concerns. The Supreme Court noted in *Custis* that it is easy to determine whether there has been a denial of right to counsel, the only ground on which it allowed a challenge to the

predicate conviction, but not easy to determine whether a guilty plea was voluntary, knowing and intelligent. It commented that federal courts would have to "rummage through frequently nonexistent or difficult to obtain state-court transcripts or records that may date from another era, and may come from any one of the 50 States." *Custis*, 511 U.S. at 496. It also noted that such challenges would "require . . . delay and protraction of the federal sentencing process." *Id.* at 497.

The majority relies on the above language from *Custis* noting that the needed transcript may come from any district court in Vermont or from another state. It also asserts that allowing challenges to predicate convictions in the criminal proceeding in which the State seeks the enhanced sentence would turn sentencing into a trial. It asserts that a PCR proceeding allows for notice and evidentiary development, including calling the defendant as a witness, and that these important procedures could not happen in the district court. Finally, it asserts that more complicated enhancement proceedings impose a substantial burden on the district court. None of these reasons are persuasive.

With respect to the availability of transcripts, *Custis* eliminated any problem to the State or the court caused by the unavailability of transcripts in its holding that defendant has the burden to show lack of substantial compliance with Rule 11, a holding in which I join. See also *State v. Brown*, 165 Vt. 79, 88, 676 A.2d 350, 356 (1996) (in challenging predicate DUI convictions on basis of denial of right to counsel, a defendant has the burden to show he was eligible for appointed counsel). Even if defendant did not have the burden, I cannot accept the argument that we face difficulty in obtaining needed transcripts. Nowhere in our criminal and PCR appeal decisions is there any indication that lack of transcripts has made impossible review of guilty pleas, even pleas rendered some years ago.

Second, DUI enhancement is already part of the trial in Vermont. See *State v. Cameron*, 126 Vt. 244, 249-50, 227 A.2d 276, 280 (1967). Enhancement is determined by the jury in "the second phase of the bifurcated proceeding." *State v. Baril*, 155 Vt. 344, 346, 583 A.2d 621, 622 (1990). The majority's characterization of the claim in this case as "defendants should be allowed to challenge their predicate convictions at the sentencing phase of an enhancement charge" shows a fundamental misunderstanding of the enhancement procedure in this state. Even if the majority's discussion accurately described the enhancement process, however, it ignores that the constitutionality of a guilty plea is a question of law that must be raised pretrial in a motion to suppress or strike. See V.R.Cr.P. 12(b); see also *People v.*

*Allen,* 981 P.2d at 532. Resolution of a challenge to a predicate conviction could not hold up sentencing. Further, adherence to the motion rules will allow exactly the notice and evidentiary development that the majority sees in PCR proceedings.

The Supreme Court of California thoroughly examined the burden of resolving guilty plea related challenges to predicate convictions in the enhanced sentence proceeding. See *Allen,* 981 P.2d at 537. Based on 15 years of allowing such challenges, it found that they entailed "little disruption." *Id.* Our limited experience in handling such challenges also shows no disruption. See, e.g., *Tatro,* 161 Vt. at 186, 635 A.2d at 1207.

I think the California conclusion is particularly reliable because the court did refuse to allow predicate conviction challenges in the enhancement proceeding if the challenge is based on ineffective assistance of counsel. See *People v. Garcia,* 928 P.2d at 579. There the court found that allowing such challenges would seriously disrupt the criminal trial in the enhancement proceeding. Thus, the court carefully calibrated the administrative difficulties raised by the type of challenge involved.[2]

Although none of our cases indicate that additional evidence would be necessary in a Rule 11 proceeding, the majority raises the specter that such evidence could not be obtained from the defense in a criminal motion hearing. In fact, we held that the defendant could be required to give exactly such evidence in *Brown,* 165 Vt. at 88, 676 A.2d at 356. Moreover, the California courts routinely require such evidence in challenges to predicate convictions based on guilty pleas because the California rule is that the defendant must show that despite the lack of advisement from the court he or she did not actually know of the rights being waived. See *Allen,* 981 P.2d at 535. Thus, the defendant must routinely testify in California, and despite the need to take additional evidence, the California Supreme Court found no substantial burden from challenges to predicate convictions.

The majority's final reason is equally unavailing. The majority has simply transferred a burden from the district court to the superior court. Since trial judges are assigned to superior and district court as needed to meet demand, and are frequently assigned to both courts at

---

[2] The majority suggests that the California approach cannot be carefully calibrated if three members of the California Supreme Court concurred in the *Allen* decision, but did not join its reasoning. In fact, the main point of the concurrence was to support additional restrictions on challenging predicate convictions, not directly raised by the facts of the case. *Allen,* 981 P.2d at 538-43. I agree with the restrictions urged in the concurrence.

once, I fail to see how a decision on which court will hear a predicate challenge is relevant. Indeed, the risk of the majority's approach is that defendants will bring early challenges to convictions that will never actually be used for enhancement purposes knowing that a later challenge will be ineffective. Thus, the risk is that the majority's ruling will increase the work of the trial courts, not decrease it.

While I find the majority's reasons for its policy choice weak, my fundamental disagreement with the majority lies in its failure to consider the main reason why not to require a separate PCR proceeding in DUI enhancement cases. Although a third conviction of DUI is a felony, a defendant is unlikely to spend much more than a year in jail for this offense alone. At the same time a PCR petition challenging a predicate conviction is unlikely to be resolved in less than a year in most superior courts in Vermont. Thus, PCR relief can come only after a defendant has served all, or most of, a sentence. It is not a practical remedy because it does not precede the imposition of the enhanced sentence.

The majority's secondary response is that if the above accurately states the facts we can "calibrate a practical remedy to a real — not theoretical — problem." 174 Vt. at 192, 807 A.2d at 365. I hope our criminal rules committee will act on this statement to provide by rule the meaningful remedy the majority is unwilling to provide by this decision.

But I am more concerned by its primary response — that defendants are not entitled to "all avenues of appeal" before sentence is imposed. The question before us is whether we should consider the challenge to the predicate conviction an essential part of the criminal case in which enhancement is sought or a separate event to occur in a later separate proceeding, post-conviction relief. In neither case is it an appeal, and labeling it so does not advance our inquiry except to belittle the position that we should ensure that a sentence is correctly and constitutionally imposed in compliance with the law before demanding that a defendant serve that sentence. Because I hold that position, and believe that ensuring the accuracy of a conviction is more important than ensuring a speedy sentencing, I dissent. I am authorized to state that Justice Johnson joins this dissent.