Dooley, J.,
¶ 22. concurring and dissenting. I agree with the Court that if we do not overrule the dicta in State v. Boskind, 174 Vt. 184, 192-93, 807 A.2d 358, 365-66 (2002), and the holding in In re Collette, 2008 VT 136, ¶ 8, 185 Vt. 210, 969 A.2d 101, we must recast plaintiffs case as a challenge to the enhanced sentence and statutory consequences in the later DUI case, not to the DUI judgment that is based on a guilty plea after an inadequate Rule 11 colloquy. I dissent because I would resolve the issue by overruling the Collette holding on this point, essentially on the *121 main ground for my dissent in that case. See Collette, 2008 VT 36, ¶¶ 30-32 (Dooley, J., dissenting). While the enhancement consequences are the most important effects of petitioner’s third DUI conviction, they are not the only possible effects. We have ruled here that the conviction was invalid. It makes no sense to allow a conviction, determined to be invalid by this Court, to continue to have collateral consequences for petitioner as if it were valid.[6]

 Collette contains two holdings, one on the ability to challenge a conviction in a PCR proceeding based on noncompliance with Rule 11 and a second on mootness. I believe that the second holding was overruled by In re Chandler, 2013 VT 10, 193 Vt. 246, 67 A.3d 261.