## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Bennington Unit | CIVIL DIVISION<br>Docket No. 28-1-18 Bncv |
| Darrell F. Day,<br>        Petitioner<br><br>v.<br><br>Lisa Menard,<br>        Respondent | DECISION ON MOTION |

This matter is before the court on Respondent's Motion to Dismiss. Mr. Day brought a second petition for post-conviction relief (PCR), advancing claims unraised in the first PCR proceeding. Respondent contends that his failure to raise the claims in the first petition constitutes an abuse of the writ of habeas corpus, a doctrine the Vermont Supreme Court has adopted under Vermont's PCR statute. Because Mr. Day has not shown cause for his failure to raise the claims in his first PCR petition, Respondent's Motion to Dismiss is GRANTED and the matter is DISMISSED with prejudice.

## BACKGROUND

The background to this case has been explained in previous state and federal court proceedings.[1] In June 2011, Mr. Day pled guilty to several charges, including driving under the influence (DUI), third offense, with a habitual offender enhancement. The two predicate convictions for the DUI, third offense, occurred in June 1986 and November 1991. Mr. Day received a twenty-to-forty-year sentence on the DUI, third offense. He subsequently filed a motion for sentence reconsideration, which was denied in this court and appealed to the Vermont Supreme Court. The Supreme Court affirmed, rejecting Mr. Day's arguments that his sentence violated the Ex Post Facto Clause of the United States Constitution and that it exceeded the sentence authorized by law. See *State v. Day*, No. 2012-222, 2012 WL 6633576, at *1 (Vt. Dec. 13, 2012) (unpublished mem.).

---

[1] See *State v. Day*, No. 2012-222, 2012 WL 6633576 (Vt. Dec. 13, 2012) (unpublished mem.); *In re Day*, No. 224-7-12 BNCV, 2014 WL 2565752 (Vt. Super. Ct. Apr. 11, 2014); *In re Day*, No. 2014-134, 2015 WL 196312 (Vt. Jan. 9, 2015) (unpublished mem.); *Day v. Menard*, No. 2:15-CV-234-CR-JMC, 2016 WL 6998629 (D. Vt. Sept. 27, 2016), *report and recommendation adopted sub nom. Darrell Day v. Menard*, No. 2:15-CV-234, 2016 WL 7015709 (D. Vt. Nov. 30, 2016); *Day v. Menard*, No. 2:15-CV-234-CR-JMC, 2017 WL 2623801 (D. Vt. Apr. 4, 2017), *report and recommendation adopted*, No. 2:15-CV-234, 2017 WL 2633505 (D. Vt. June 16, 2017).

On July 2, 2012, Mr. Day filed his first PCR petition, arguing that his conviction for DUI, third offense, violated the Ex Post Facto Clause and 1 V.S.A. § 214. Mr. Day filed this first PCR petition pro se.

On April 17, 2013, Mr. Day—this time through counsel—filed an amended PCR petition, reasserting his claim under the Ex Post Facto Clause and adding that he did not receive proper credit for the time he served prior to the imposition of his sentence. This court granted partial summary judgment for the State on the ex-post-facto claim.

On October 7, 2013, Mr. Day—again through counsel—filed a second amended PCR petition, this time claiming ineffective assistance of trial counsel and that his guilty plea to the DUI, third offense, was involuntary because of his reliance on counsel's ineffective assistance. This court granted the State's motion for summary judgment, *In re Day*, No. 224-7-12 BNCV, 2014 WL 2565752, at *4 (Vt. Super. Ct. Apr. 11, 2014), a decision affirmed on appeal. *In re Day*, No. 2014-134, 2015 WL 196312, at *1 (Vt. Jan. 9, 2015) (unpublished mem.).

In November 2015, Mr. Day filed a petition for habeas corpus in federal court, claiming again that the sentence for the DUI, third offense, violated the Ex Post Facto Clause, that this court and the Vermont Supreme Court violated his constitutional right to due process, and that his trial attorney provided ineffective assistance. *Day v. Menard*, No. 2:15-CV-234-CR-JMC, 2017 WL 2623801, at *3 (D. Vt. Apr. 4, 2017), *report and recommendation adopted*, No. 2:15-CV-234, 2017 WL 2633505 (D. Vt. June 16, 2017).

In the present PCR petition, Mr. Day argues that the guilty-plea colloquy supporting his 1991 predicate conviction did not satisfy Vermont Rule of Criminal Procedure 11(f), and that a record of that 1991 colloquy was not preserved as required by Rule 11(g). He accordingly argues that the 2011 DUI conviction and sentence must be set aside. Mr. Day did not make these arguments in his first pro se PCR petition, in his two counseled, amended PCR petitions, or in his federal habeas corpus petition. Respondent contends that this failure constitutes an abuse of the writ of habeas corpus, a principle adopted under Vermont's PCR statute, 13 V.S.A. § 7131. See *In re Laws*, 2007 VT 54, ¶ 22, 182 Vt. 66.

## DISCUSSION

The purpose of post-conviction relief is to "provide prisoners with an opportunity to challenge the legality of their confinement, and thus 'to guard against illegal restraints on liberty.'" *Id*. ¶ 9 (quoting *In re Stewart*, 140 Vt. 351, 359 (1981)). It is a fundamental aspect of post-conviction relief that a petitioner may challenge his confinement "at any time." *Id*. (quoting 13 V.S.A. § 7131). However, two procedural restrictions limit a petitioner's ability to raise a claim in a second or subsequent PCR petition: "limitations on successive petitions and abuse of the writ." *In re Towne*, 2018 VT 5, ¶ 21, 206 Vt. 615.

As regards the first, 13 V.S.A. § 7134 provides that a court "is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner." This provision applies to "relitigation of claims actually raised and decided on the merits in an earlier PCR." *Id*. ¶ 22 (quoting *In re Laws*, 2007 VT 54, ¶ 11).

In contrast—and of more relevance here—the abuse-of-the-writ doctrine limits a petitioner's ability to raise claims for the first time in a second or subsequent PCR petition. *Id*. ¶

25. A PCR petitioner can abuse the writ "by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice" or "inexcusable neglect." See *In re Laws*, 2007 VT 54, ¶ 18 (quoting *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)). The court examines a petitioner's acts "to determine whether he has a legitimate excuse for failing to raise a claim at the appropriate time." *Id.* ¶ 19 (quoting *McCleskey*, 499 U.S. at 490).

Sound reasons support this doctrine: protecting the finality of judgments; limiting the burden on scarce judicial resources; discouraging baseless claims; disincentivizing petitioners from withhold claims for manipulative purposes, such as securing two hearings rather than one; and incentivizing petitioners to present claims when evidence is fresh. See *McCleskey*, 499 U.S. at 491–93.

Thus, "[w]hen a petitioner files a second or subsequent petition, the government bears the burden of pleading abuse of the writ, setting forth a petitioner's writ history, identifying the claims that appear for the first time, and alleging the petitioner has abused the writ." *In re Towne*, 2018 VT 5, ¶ 25. The burden then shifts to the petitioner to "show cause for failing to raise the claim previously and actual prejudice from the default." *Id.* To shoulder the burden on cause, the petitioner must prove that "'some objective factor external to the defense impeded counsel's efforts to raise the claim' in the earlier proceeding." *In re Laws*, 2007 VT 54, ¶ 20 (quoting *McCleskey*, 499 U.S. at 493). "Examples include situations where a factual or legal basis for a claim was not available at the time of the earlier proceeding, instances of official interference (such as the state's failure to provide requested evidence), or ineffective assistance of counsel." *Id.* The cause requirement is based on the principle that "petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first . . . petition." *McCleskey*, 499 U.S. at 498. To satisfy the actual prejudice standard, "the petitioner must show 'not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *In re Laws*, 2007 VT 54, ¶ 20 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).[2]

Turning to this case, Respondent has met her burden in pleading abuse of the writ. In the Motion to Dismiss, Respondent set forth Mr. Day's writ history, identified Mr. Day's Rule 11(f) and (g) claims as appearing for the first time in this PCR proceeding, and alleged that Mr. Day has abused the writ.

Mr. Day, on the other hand, has not met his burden in showing cause for his failure to bring the Rule 11 claims in his first PCR petition. Mr. Day seeks to establish cause by claiming that both his trial and PCR counsel rendered ineffective assistance in not challenging his predicate DUI convictions. As noted, ineffective assistance of counsel is one of the recognized

---

[2] *In re Laws* also quoted *McCleskey* for the proposition that "[t]he petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard." *In re Laws*, 2007 VT 54, ¶ 21 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). An evidentiary hearing was not held in this case. However, no party requested a hearing. Mr. Day had ample time to oppose Respondent's motion in writing and obtain necessary evidence. He sought two extensions of time to oppose and both were granted. He then filed a written opposition with exhibits supporting his arguments. No further oral argument was necessary under these circumstances. See V.R.C.P. 78(b)(2); V.R.C.P. 81(a) (making Rules of Civil Procedure applicable to PCR proceedings in respects not covered by statute).

objective factors external to the defense that can impede an effort to raise a claim in an earlier proceeding. *In re Laws*, 2007 VT 54, ¶ 20. However, as regards his PCR counsel, Mr. Day filed his first PCR petition pro se. Thus, even assuming Mr. Day's later-appointed PCR counsel provided ineffective assistance by failing to bring the Rule 11 claims, this does not explain why he himself failed to include the Rule 11 claims in his first PCR petition. Moreover, Mr. Day fails to state why he did not file an application to replace his PCR attorney or to continue pro se.[3]

Mr. Day also fails to explain how his trial counsel's failure to challenge the predicate DUI convictions caused his own later failure to bring the Rule 11 claims in his first PCR petition. This argument is no more than a veiled attempted to bring a new ineffective-assistance-of-trial-counsel claim, when his previous ones were rejected by the Vermont Supreme Court and the U.S. District Court for the District of Vermont. See *In re Day*, No. 2014-134, 2015 WL 196312, at *3 (Vt. Jan. 9, 2015) (unpublished mem.); *Day v. Menard*, No. 2:15-CV-234-CR-JMC, 2017 WL 2623801, at *3 (D. Vt. Apr. 4, 2017), *report and recommendation adopted*, No. 2:15-CV-234, 2017 WL 2633505 (D. Vt. June 16, 2017). Again, even assuming his trial counsel rendered ineffective assistance by failing to bring the Rule 11 claims before conviction, this does not explain why he failed to include the Rule 11 claims in his first PCR petition.

Additionally, Mr. Day's reliance on *Martinez v. Ryan*, 566 U.S. 1 (2012), is misplaced. There, the U.S. Supreme Court held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).

*Id*. at 14; see also *In re Towne*, 2018 VT 5, ¶ 32 (discussing *Martinez* but reserving its adoption under state law). The *Martinez* rule is necessary because "[i]f a state imposes limits to second and subsequent petitions, ineffective assistance of a petitioner's initial PCR counsel may foreclose a petitioner from ever actually raising ineffective assistance of trial counsel," and the right to effective assistance of trial counsel is recognized as a "bedrock principle" in our justice system. *In re Towne*, 2018 VT 5, ¶ 32. Here, Mr. Day litigated an ineffective-assistance-of-trial-counsel claim in the Vermont Supreme Court and in the U.S. District Court for the District of Vermont. Thus, he had not one but two days in court to argue ineffective assistance of trial counsel. Moreover, his underlying claims in the current PCR petition are violations of Rule 11(f) and (g), not that his trial counsel provided ineffective assistance.

In sum, Mr. Day fails to identify an objective factor that impeded his ability to raise the Rule 11 claims in the earlier PCR petition. His arguments regarding ineffective assistance of counsel are, as discussed, without merit. There is no allegation of official interference. Finally, the legal bases for the Rule 11 claims were available at the time of the first PCR petition, see, e.g., *State v. Boskind*, 174 Vt. 184, 193 (2002), and Mr. Day was aware of the events that

---

[3] The U.S. District Court for the District of Vermont made similar observations in *Day v. Menard*, No. 2:15-CV-234-CR-JMC, 2016 WL 6998629, at *3 (D. Vt. Sept. 27, 2016), *report and recommendation adopted sub nom. Darrell Day v. Menard*, No. 2:15-CV-234, 2016 WL 7015709 (D. Vt. Nov. 30, 2016).

transpired at his 1991 plea colloquy. Mr. Day has accordingly failed to meet his burden in showing cause for his failure to bring the Rule 11 claims in his first PCR petition. No legitimate excuse is discernible for failing to raise the claims at the appropriate time. Because cause is not satisfied in this case, it would be idle to examine prejudice. See *McCleskey v. Zant*, 499 U.S. 467, 502 (1991) (declining to consider prejudice when petitioner lacked cause for failing to raise claim in first petition); *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (rejecting argument that showing of prejudice permits relief in absence of cause).

For the reasons set forth above, Respondent's Motion to Dismiss is GRANTED and the matter is DISMISSED with prejudice.

So Ordered.

_____

**David Barra**
**Superior Court Judge**